384 A.2d 234

**COMMONWEALTH of Pennsylvania**

v.

**Gerald WATERS, Appellant (two cases).**

Supreme Court of Pennsylvania.

Submitted Jan. 12, 1978.

Decided March 23, 1978.

Ronald J. Brockington, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

NIX, Justice.

Gerald Waters, appellant, was arrested and charged with various offenses stemming from the killing of Eric Johnson which occurred on March 8, 1975, in Philadelphia County. After a trial without a jury, the defendant was adjudged guilty of murder of the third degree,[1] criminal conspiracy,[2]

1. 18 Pa.C.S.A. § 2502(c) (Supp.1977–78).

2. *Id.* § 903.

and possessing an instrument of crime.[3] Post-trial motions were heard and denied and a sentence of ten to twenty years was imposed on the murder indictment. Concurrent sentences were imposed on the lesser charges. In this direct appeal from all of the judgments of sentence, appellant seeks relief upon the single ground that his inculpatory statement was improperly admitted because of an unnecessary delay between arrest and arraignment. In response, in addition to addressing the merits of the claim for relief, the Commonwealth asserted that review of the merits of this contention is barred under *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). We agree that appellant has failed to preserve the issue and affirm the judgment of sentence.[4]

Post-verdict motions were filed on September 17, 1975, approximately nine months after our decision in *Blair*. The motions were of the boiler-plate variety challenging the weight and sufficiency of the evidence. In addition, the motions contained a request that leave be granted for the filing of supplemental reasons after the transcription of the record. Thereafter, appellant made no effort to offer an amendment or supplement to the original motions filed. The opinion of the trial judge states that the sole issue argued on post-verdict consideration was the alleged violation of Pennsylvania Rule of Criminal Procedure 130. Thus, the decisive question to be considered is whether the fact that the issue was presented orally before the court below justifies ignoring the admonition given by this Court in *Blair*.

In *Blair*, this Court announced that it expected strict compliance with that provision of Pennsylvania Rule of Criminal Procedure 1123(a) which required that "only those issues raised and the grounds relied upon in the [post-verdict] motions may be argued." To enforce this mandate, we directed that trial courts and appellate courts decline to

---

**3.** *Id.* § 907.

**4.** We therefore need not consider the merits of the unnecessary delay claim.

consider claims that were not specifically set forth in the written post-trial motions.

Appellant's written post-trial motions were boiler plate challenges to the sufficiency of the evidence. Although counsel apparently made more specific oral motions that were considered by the court, the Pennsylvania Rules of Criminal Procedure, rule 1123(a), 19 P.S. Appendix, requires written post-trial motions.

The practice in some judicial districts of ignoring the requirements of Rule 1123(a) is condemned. Henceforth, issues not presented in compliance with the rule will not be considered by our trial and appellate courts.

*Commonwealth v. Blair, supra* 460 Pa. at 33, n. 1, 331 A.2d at 214, n. 1.

*See also, Commonwealth v. May,* 466 Pa. 524, 526, n. 3, 353 A.2d 815, 816, n. 3 (1976); *Commonwealth v. Coley,* 466 Pa. 53, 66, n. 8, 351 A.2d 617, 623, n. 8 (1976); *Commonwealth v. Fortune,* 464 Pa. 367, 370–71, 346 A.2d 783, 785 (1975); *Commonwealth v. Spriggs,* 463 Pa. 375, 381–82, 344 A.2d 880, 883 (1975); *Commonwealth v. Terry,* 462 Pa. 595, 602, n. 3, 342 A.2d 92, 96, n. 3 (1975); *Commonwealth v. Hilton,* 461 Pa. 93, 95, n. 1, 334 A.2d 648, 649, n. 1 (1975), and *Commonwealth v. Irwin,* 460 Pa. 296, 299, n. 3, 333 A.2d 735, 737, n. 3 (1975).

Recognizing the long-standing practice of some courts which permitted the oral submission of claims not specifically set forth in written motions, we deemed it fair to apply the mandate of *Blair* only prospectively.[5] Nevertheless, in

---

**5.** In *Commonwealth v. Fortune,* 464 Pa. 367, 346 A.2d 783 (1975), we observed:

However, because the longstanding practice of some courts of accepting and ruling on oral motions tended to mislead counsel into relying upon that practice, we did consider the matters presented by Blair in his oral motions. Similarly, where, as here, all of the relevant events occurred before the Court's opinion in *Blair* served notice that compliance with Rule 1123(a)'s requirement of written motions would be mandatory,[3] it would be unfair to impose forfeiture of claims of error solely on the basis of failure to present written motions based on those claims. This is especially so where the trial court condoned the noncompliance with Rule

the decisions which followed *Blair, supra,* this Court has repeatedly indicated that for post-trial proceedings after the date of that decision, strict compliance was to be required.[6] It is unquestioned in the instant case that appellant failed to set forth the claim of unreasonable delay in his motions and we now hold that the oral presentation of this issue will not serve as an excuse from compliance with the requirement of Rule 1123(a) that grounds must be specified in written post-trial motions.

The requirement of specific written motions is intended to enhance the quality of review at both the trial and appellate levels. At the trial level, counsel's precise statement of issues and grounds relied upon in written form insures that both the trial court and Commonwealth will have adequate notice of the legal theories being advanced. Thus the prosecution is better able to respond and the court has the benefit of the issues being clearly defined. Such practice should foster alert and zealous advocacy and encourage reflective and reasoned judgments by the court in the resolution of the questions raised. *Cf. Commonwealth v. Daniel Williams,* 476 Pa. 557, 570, n. 11, 383 A.2d 503, 510 n. 11 (1978).

The post-verdict review was developed in recognition of the stress and pressures surrounding trial rulings. Its purpose was to provide a more objective setting for review of

1123(a) by passing upon the merits of the issue tendered orally. *Id.* at 371, 346 A.2d at 785 (footnote omitted).

For cases involving presentation of issues by briefs subsequent to *Blair,* see *Commonwealth v. Pugh,* 476 Pa. 445, 383 A.2d 183 (1978); *Commonwealth v. Perillo,* 474 Pa. 63, 376 A.2d 635 (1977); and, *Commonwealth v. Grace,* 473 Pa. 542, 375 A.2d 721 (1977).

6.   "Because the post-trial motions here pre-date our decision in [*Blair*], a presentation orally of a ground for a new trial would have been sufficient to preserve the issue on appeal  .   .  .. *In Blair, we held that, thenceforth, nothing less than strict compliance with Pa.R.Crim.P. 1123(a)  .   .  ., requiring written post-trial motions, would act to preserve issues raised therein for appellate review."* (Emphasis added) *Commonwealth v. May,* 466 Pa. 524, 526–27, n. 3, 353 A.2d 815, 816, n. 3 (1976).

"We again stress that the written post-trial motions filed subsequent to our decision in [*Blair*] will be conclusive on the issues to be  .   .   . reviewable by appellate tribunals." *Commonwealth v. Terry,* 462 Pa. 595, 602, n. 3, 342 A.2d 92, 96, n. 3 (1975).

disputed trial rulings prior to the commencement of appellate review. As we have noted, "if a new trial is necessary, it may be granted by the trial court without subjecting both the litigants and the courts to the expense and delay inherent in appellate review." *Commonwealth v. Clair,* 458 Pa. 418, 421, 326 A.2d 272, 274 (1974). Furthermore, where the party litigants are satisfied that there has been a meaningful review below they are less likely to resort to the appellate process except in those cases where there exists substantial questions of law to be resolved. The decrease of meritless appeals obviously advances the orderly and efficient use of our judicial resources.

Also, at the appellate level, written motions which have been filed and made part of the record provide a precise basis for determining the issues contested at the trial level.

> "Failure to specify in writing the reasons urged in support of motions for a new trial and in arrest of judgment complicates the appellate task of determining whether alleged trial errors have been properly preserved for appellate review."
>
> *Commonwealth v. Hilton,* 461 Pa. 93, 95, n. 1, 334 A.2d 648, 649, n. 1 (1975).

Where boiler plate variety motions are filed, it is often difficult, if not impossible, to determine with precision the issues actually argued before the court below.[7] The trial court's opinion may not refer to all questions touched upon in oral argument; the trial court may *sua sponte* address an issue not presented by the parties; and finally, the court may misperceive the issue actually urged by the party.

In sum, the insistence upon the requirement of specific written post-verdict motions in accordance with Rule 1123(a) enhances the quality of review; encourages professional advocacy; discourages pursuit of frivolous claims; and promotes judicial economy. Because of the desirability of the objectives sought to be obtained by enforcement of this requirement and the unequivocal notice to the bench and the

---

7. In most instances, oral arguments on post-verdict motions are not recorded.

bar that strict compliance would be expected as to motions filed after our *Blair* decision, there is no longer a justification for a continuation of an exception of the application where issues are raised orally.[8]

Judgments of sentence affirmed.

ROBERTS, J., joins this opinion and files a concurring opinion.

MANDERINO, J., files a dissenting opinion.

ROBERTS, Justice, concurring.

I join the opinion of the Court. As in my concurring opinion in *Commonwealth v. Roach*, 477 Pa. 379, 383 A.2d 1257 (1978), I write only to point out that appellant filed post-verdict motions on September 17, 1975, after publication of *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975) on March 1, 1975, and therefore is properly subject to *Blair*. Had appellant filed post-verdict motions subsequent to our decision in *Blair* but before *Blair* received publication, it would be unfair to impose upon him a decision of which he could not be aware. *Commonwealth v. Barnes*, —— Pa. ——, —— A.2d —— (J. 330 of 1976, filed March 23, 1978) (dissenting opinion of Roberts, J.); see *Commonwealth v. Fortune*, 464 Pa. 367, 346 A.2d 783 (1975); cf. *Commonwealth v. Cheeks*, 429 Pa. 89, 239 A.2d 793 (1968) (failure to assert right at trial did not waive right announced subsequent to trial).

MANDERINO, Justice, dissenting.

Today's decision is the third this term in which this Court has deemed waived possibly meritorious assignments of error on the ground that the post-verdict motions filed by the

---

**8.** We do not believe that the fact that the trial court considered the question provides a basis for departure from the mandate of *Blair*. First, *Blair* was a direction both to counsel and the court below to consider only those issues properly raised in the written post-trial motions in accordance with Rule 1123(a). Secondly, as has been stated, the mere fact that the court below may have considered the issue does not assure the objectives sought to be achieved by this particular section of the rule.

defendant did not comply with *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). *See*, in addition to the present case, *Commonwealth v. Roach*, 477 Pa. 379, 383 A.2d 1257 (1978) and *Commonwealth v. Barnes*, —— Pa. ——, —— A.2d —— (1978) (J–330 of 1976, filed March 23, 1978). The majority holds these issues waived notwithstanding the fact that at the time post-verdict motions were filed in these cases, *Blair* was not yet published in the *official* state reporter. In one of the three cases, *Commonwealth v. Barnes*, the case had not been printed in either the official reporter or an unofficial publication. While I therefore find the majority's holding of a waiver in *Barnes* especially harsh, *see Commonwealth v. Smith*, 468 Pa. 375, 380, 362 A.2d 990, 992 (1976) (Roberts & Manderino, JJ., dissenting), in my view a holding of waiver is unwarranted in any of the three cases.

In *Blair*, this Court stated that "[h]enceforth, issues not presented in compliance with [Pa.R.Crim.P. 1123(a)] will not be considered by our trial and appellate courts." 460 Pa. at 33 n.1, 331 A.2d at 214 n.1. We did not say in *Blair* that "henceforth" meant from the date *Blair* was decided (January 27, 1975). We have held, however, that *Blair* did not work a waiver of claims not specifically raised in written post-verdict motions but orally argued to the post-verdict court where post-verdict motions were filed before *Blair* "*served notice* that compliance with Rule 1123(a) . . . would be mandatory." *Commonwealth v. Fortune*, 464 Pa. 367, 371, 346 A.2d 783, 785 (1975) (emphasis added); *see also Commonwealth v. Bailey*, 463 Pa. 354, 344 A.2d 869 (1975). The determinative issue in these cases, therefore, is when did *Blair* "serve notice" that strict compliance with Rule 1123(a) was required to preserve issues for appellate review.

The majority now holds that such notice was served on trial courts and the Pennsylvania Bar on the date *Blair* was decided; January 27, 1975. Through my brother Justice Roberts, I have already noted my disagreement with that result.

"It would be unrealistic to conclude that the members of the Bar are on notice of our decisions from the moment we decide them even though not actually reported until weeks later." *Commonwealth v. Smith,* 468 Pa. 375, 380, 362 A.2d 990, 992 (1976) (Roberts, J., joined by Manderino, J., dissenting from per curiam affirmance).

Dissenting in *Smith,* Justice Roberts stated he would hold the Bar and trial courts responsible for our ruling in *Blair* as of the date it was reported in an unofficial publication, that date being March 1, 1975. In my view, no lawyer or trial court in this Commonwealth should be charged with notice of our new decisions until they appear in the official state reporter. That is the very purpose of having an official reporter—to give the legal community *official* notice of new court decisions. What appears in the various unofficial publications that report court decisions should not be deemed binding on the Bar or trial courts.

The official reporter in this Commonwealth is and always has been the Pennsylvania State Reporter. The larger law firms, better-equipped district attorneys office, and law offices near urban centers may have access to copies of the official reporter and various unofficial publications which are generally published before the official reporter. The smaller practitioners and trial courts in the less populous areas of the state, however, often cannot afford both, and thus solely rely, and rightly so, on the official state reporter. In my view, fairness dictates that we hold all members of the Bar and judiciary to the same standard, for to punish the financially disadvantaged for not having the unofficial but admittedly more recent publications works an injustice. While I agree with the majority that compliance with Rule 1123(a) enhances the quality of review at both the trial and appellate levels, invoking *Blair* to preclude review of possible meritorious claims when *Blair* was not yet officially reported unjustifiably elevates this interest in the efficient administration of justice above the individual interest in appellate review of potential trial errors. This is especially true in light of our observation in *Fortune, supra,* and

*Bailey, supra,* of the widespread former practice of post-verdict courts in accepting and ruling on oral motions not specifically set forth in written form. It is reasonable to conclude that this practice continued after *Blair* was decided if the trial court or trial counsel had not been "served notice" of the *Blair* directive.

The publication date for the volume of the Pennsylvania State Reporter in which *Blair* appeared (Volume 460) was May 7, 1976. Post-verdict motions in this case were filed on September 17, 1975, almost eight months before *Blair* appeared in the official state reporter. Similarly, in *Commonwealth v. Roach, supra,* and *Commonwealth v. Barnes, supra,* the filing of post-verdict motions predated Blair's appearance in the official state reports. Hence, in all three cases, I would hold that *Blair* does not preclude appellate review of issues orally argued in post-verdict proceedings. I therefore dissent.