383 A.2d 1257

**COMMONWEALTH of Pennsylvania**

v.

**Alfred ROACH, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 17, 1977.

Decided March 23, 1978.

Hugh C. Clark, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., James A. Shellenberger, First Asst. Dist. Atty., for appellee.

Before EAGEN, O'BRIEN, ROBERTS, NIX and MANDERINO, JJ.

## OPINION

PER CURIAM.

Alfred Roach, appellant, was convicted by a jury of murder in the first degree [1] and possessing an instrument of crime,[2] in connection with the shooting death of Maurice Dozier in Philadelphia on July 7, 1974. Post-verdict motions were filed and denied. A sentence of life imprisonment was imposed for the murder conviction and a suspended sentence was imposed for possessing an instrument of crime. This direct appeal was taken only from the judgment of sentence for first-degree murder.[3] Appellant contends: 1) that the Commonwealth created a prejudicial atmosphere at trial by suggesting to the jury that the homicide was a collective or "gang" deed; 2) that the Commonwealth improperly included irrelevant and personal inquiries in the cross-examination of the principal defense witness; and 3) that the Commonwealth was allowed to introduce improper rebuttal testimony that the deceased's mother called the deceased to tell him she had talked with appellant's sister. These three issues were not raised in appellant's written post-verdict motions, as required by Pennsylvania Rule of Criminal Procedure 1123(a).

■ Appellant's written motions, consisting solely of standard boiler plate challenges to the weight and sufficiency of

1. 18 Pa.C.S.A. § 2502(a) (Supp.1977–78).

2. *Id.* § 907.

3. Appellant has not perfected in this Court an appeal from the judgment of sentence for possessing an instrument of crime.

the evidence, were filed on May 7, 1975, more than three months after we announced in *Commonwealth v. Blair*, 460 Pa. 31, 33, n. 1, 331 A.2d 213, 214, n. 1 (1975), that claims not presented in accordance with Rule 1123(a) would no longer be considered by our trial and appellate courts. Although appellant's claims were presented orally and considered by the court below in its opinion, we stated in *Blair* that thenceforth strict compliance with Rule 1123(a) would be required. Since the post-verdict motions were filed after our decision in *Blair*, we will not consider claims not raised specifically in the written post-verdict motions. *Commonwealth v. Waters*, 477 Pa. 430, 436 n. 8, 384 A.2d 234, 237 n. 8 (1978). Accordingly, all of appellant's claims were waived.

While appellant does not challenge the sufficiency of the evidence in this appeal, this Court has an independent statutory duty to determine whether all the elements of first-degree murder have been proved, Act of Feb. 15, 1870, P.L. 15 § 2, 19 P.S. § 1187 (1964). After thorough review of the record, we are satisfied that the evidence presented supports a finding of murder in the first degree.

Judgment of sentence affirmed.

ROBERTS, J., joins this opinion and files a concurring opinion.

MANDERINO, J., files a dissenting opinion.

JONES, former C. J., and POMEROY, J., did not participate in the consideration or decision of this case.

ROBERTS, Justice, concurring.

I join the Opinion of the Court. I write only to point out that appellant filed post-verdict motions on May 7, 1975, after publication of *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), on March 1, 1975, and therefore properly is subject to *Blair*. Had appellant filed post-verdict motions subsequent to our decision in *Blair* but before *Blair* received publication, it would be unfair to impose upon him a decision of which he could not be aware. *Commonwealth v. Barnes*,

382

—— Pa. ——, —— A.2d —— (J. 330 of 1976, filed March 23, 1978) (dissenting opinion of Roberts, J.); see *Commonwealth v. Fortune*, 464 Pa. 367, 346 A.2d 783 (1975); cf. *Commonwealth v. Cheeks*, 429 Pa. 89, 239 A.2d 793 (1968) (failure to assert right at trial did not waive right announced subsequent to trial).

MANDERINO, Justice, dissenting.

I dissent for the reasons set forth in this writer's dissenting opinion in *Commonwealth v. Waters*, 477 Pa. 430, 384 A.2d 234 (1978) (Manderino, J., dissenting).