397 A.2d 412

COMMONWEALTH of Pennsylvania

v.

William Westly HAGANS, Appellant.

Supreme Court of Pennsylvania.

Argued Oct. 17, 1978.

Decided Jan. 24, 1979.

Colie B. Chappelle, Philadelphia, for appellant.

Edward G. Rendell, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Robert B. Lawler, Chief, Appeals Div., Jane C. Greenspan, Asst. Dist. Attys., Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, William Westly Hagans, was convicted of two counts of robbery and one count of criminal conspiracy in the Court of Common Pleas of Philadelphia. He was sentenced to five to ten years in prison for each count of robbery, the sentences to run concurrently. Sentence on the conspiracy conviction was suspended. The Superior Court affirmed the judgments of sentence. *Commonwealth v. Hagans*, 241 Pa.Super. 575, 360 A.2d 670 (1976). We granted appellant's petition for allowance of appeal.

The Commonwealth's evidence shows that appellant along with his brother, Edward, and one Samuel Williamson,[1] robbed the home of Shirley Lofton in Philadelphia the evening of December 24, 1974. Lofton was in her home with several friends, including Charles Reed and Samuel Edwards. The doorbell rang and Lofton sent Reed to answer it. William Hagans, Edward Hagans and Samuel Williamson entered and forced everyone to lie down on the living room floor, taking money and cigarettes from the victims. They then took Edwards' car keys and used his car to flee the scene.

Appellant first argues that he is entitled to a discharge for failure to bring him to trial within one hundred eighty (180) days after the filing of the complaint, as required by Pa.R.Crim.P. 1100. Appellant also claims that he is entitled· to a new trial because the trial court denied a motion for severance. The motion was made because the Commonwealth proposed to introduce a confession by Edward Hagans, appellant's brother. Neither of these claims was presented in written post-verdict motions nor in briefs in the trial court. They were presented orally and ruled on by the court at the time of argument on post-verdict mo-

---

1. All of the above individuals were tried in a joint trial. ·

tions. We find that to be insufficient to preserve the issues for review.

This case is controlled by *Commonwealth v. Waters*, 477 Pa. 430, 384 A.2d 234 (1978). The facts of this case parallel those in *Waters*. Here, post-verdict motions were filed on October 23, 1975, ten months after our decision in *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), while in *Waters* the post-verdict motions were filed on September 17, 1975, nine months after *Blair*.

In this case, as in *Waters*, defense counsel did not file any amended written motions, but rather presented oral arguments in support of issues not raised in the previously filed written motions. The oral motions were considered and decided by the court.

■ In *Waters, supra*, 477 Pa. at 432–33, 384 A.2d 234, this court, in explaining its decision in *Blair*, stated:

"In *Blair*, this Court announced that it expected strict compliance with that provision of Pennsylvania Rule of Criminal Procedure 1123(a) which required that 'only those issues raised and the grounds relied upon in the [post-verdict] motions may be argued.' To enforce this mandate, we directed that trial courts and appellate courts decline to consider claims that were not specifically set forth in the written post-trial motions.

"Appellant's written post-trial motions were boiler plate challenges to the sufficiency of the evidence. Although counsel apparently made more specific oral motions that were considered by the court, the Pennsylvania Rules of Criminal Procedure, Rule 1123(a), 19 P.S. Appendix, requires written post-trial motions.

"The practice in some judicial districts of ignoring the requirements of Rule 1123(a) is condemned. Henceforth, issues not presented in compliance with the rule will not be considered by our trial and appellate courts. *Commonwealth v. Blair, supra*, 460 Pa. at 33, n.1, 331 A.2d at 214, n.1."

Any issue not presented in compliance with *Blair* and Pa.R. Crim.P. 1123 is not preserved for appellate review.

■ The only issue that has been preserved for appellate review concerns a motion for mistrial related to Edward Hagans' confession. In his opening statement, the district attorney told the jury that a detective would testify about a confession by one of the defendants, but he did not specify which defendant. During the trial, the court ruled that the confession was inadmissible. Counsel then moved for a mistrial, arguing that the prosecutor's statement irreparably prejudiced defendants and denied their right of confrontation. The motion was denied. Counsel did not request a curative instruction referring to the confession because of a belief that it would prejudice defendants by calling attention to the confession. Without referring to the confession, the court said in its closing charge that the jury was to consider only the sworn testimony and not the statements of the attorneys. We find that appellant was not entitled to a mistrial.

This case is similar to *Frazier v. Cupp*, 394 U.S. 731, 89 S.Ct. 1420, 22 L.Ed.2d 684 (1969), where a murder defendant's co-conspirator pleaded guilty. The prosecutor informed the jury that the co-conspirator would testify, and referred to the expected testimony in his opening statement. When called, the co-conspirator asserted his privilege against self-incrimination and was excused. The jury was instructed to disregard the prosecutor's statement.

In *Frazier, supra* at 735–36, 89 S.Ct. at 1423, the Supreme Court stated:

". . . As the Court said in *Bruton v. U. S.*, 391 U.S. 123 at 135, 88 S.Ct. 1620, 20 L.Ed.2d 476, 'Not every admission of inadmissible hearsay or other evidence can be considered to be reversible error unavoidable through limiting instructions; instances occur in almost every trial where inadmissible evidence creeps in, usually inadvertently.' See *Hopt v. Utah*, 120 U.S. 430, 438, 7 S.Ct. 614, 30 L.Ed. 708 (1887). It may be that some remarks included in an opening or closing statement could be so prejudicial that a finding of error, or even constitutional error, would be unavoidable. *But here we have no more than an*

*objective summary of evidence which the prosecutor reasonably expected to produce. Many things might happen during the course of the trial which would prevent the presentation of all the evidence described in advance. Certainly not every variance between the advance description and the actual presentation constitutes reversible error, when a proper limiting instruction has been given.* Even if it is unreasonable to assume that a jury can disregard a coconspirator's statement when introduced against one of two joint defendants, it does not seem at all remarkable to assume that the jury will ordinarily be able to limit its consideration to the evidence introduced during the trial. *At least where the anticipated and unproduced, evidence is not touted to the jury as a crucial part of the prosecution's case, 'it is hard for us to imagine that the minds of the jurors would be so influenced by such incidental statements during this long trial that they would not appraise the evidence objectively and dispassionately.'* United States v. Socony-Vacuum Oil Co., *310 U.S. 150, 239, 60 S.Ct. 811, 84 L.Ed. 1129 (1940)." (Emphasis added.)

The Supreme Court held that the curative instruction was sufficient to protect the defendant's rights because the prosecutor reasonably expected the co-conspirator to testify and the expected testimony was not emphasized as an important part of the case. See *Commonwealth v. Fultz,* 478 Pa. 207, 386 A.2d 513 (1978). In the instant case, the prosecutor did not give great emphasis to the confession he intended to offer. The Commonwealth relied primarily on the testimony of the victims, which was clearly sufficient to support the verdict. The prosecutor's statement entitled the defense to a curative instruction at most. See *Frazier v. Cupp, supra.* Since no such instruction was requested, appellant cannot now argue that the court erred in failing to grant a mistrial.

Judgments of sentence affirmed.

POMEROY, former J., took no part in the decision of this case.

MANDERINO, J., files a dissenting opinion.

MANDERINO, Justice, dissenting.

I dissent for the reasons set forth fully in this writer's dissenting opinion in *Commonwealth v. Waters*, 477 Pa. 430, 384 A.2d 234 (1978) (Manderino, J., dissenting). *Accord Commonwealth v. Roach*, 477 Pa. 379, 383 A.2d 1257 (1978) (Manderino, J., dissenting).