421 A.2d 1046

**COMMONWEALTH of Pennsylvania**

v.

**William PHILPOT, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 24, 1980.

Decided Oct. 31, 1980.

John H. Corbett, Jr., David Metinko, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Pittsburgh, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This is a direct appeal from a judgment of sentence imposed by the Court of Common Pleas of Allegheny County on a jury verdict of guilty of murder of the third degree. We affirm for want of compliance with the written post–verdict motion specificity requirement of Pa.R.Crim.Proc. 1123(a) and *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975).

On February 15, 1979, appellant filed a written "Motion For New Trial And/Or Arrest Of Judgment." Contained in the written motion was only the following allegation:

"1.  The jury verdict was against the weight of the law and the evidence in this case."

The post–verdict court denied relief and entered judgment of sentence. On this appeal, appellant contends (1) that he should be discharged for want of sufficient evidence of malice and (2) that he should be awarded a new trial because the Commonwealth failed to produce allegedly existing handwritten notes of the investigating officer to whom appellant gave a statement.

Rule 1123(a) of our Rules of Criminal Procedure (adopted June 8, 1973) provides:

"Within ten (10) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment. Only those grounds may be considered which were raised in pre–trial proceedings or at trial, unless the trial judge, upon cause shown, allows otherwise. Argument shall be scheduled and heard promptly after such motions are filed, and only those issues raised and the grounds relied upon in the motions may be argued."

In *Blair*, this Court (on January 29, 1975) unanimously stated:

"The practice in some judicial districts of ignoring the requirements of Rule 1123(a) is condemned. Henceforth, issues not presented in compliance with the rule will not be considered by our trial courts and appellate courts."

460 Pa. at 32 n.1, 331 A.2d at 214 n.1. See also *Wiegand v. Wiegand*, 461 Pa. 482, 337 A.2d 256 (1975) (appellate courts shall not dispose of cases on substantive issues raised sua sponte). Here, well over five years after the promulgation of Rule 1123(a) and over four years after *Blair*, appellant failed to present his allegations of error in writing to the post–verdict court. See *Commonwealth v. Meadows*, 471 Pa. 201, 208–209, 369 A.2d 1266, 1270 (1977). Consistent with Rule 1123(a) and *Blair*, this Court will not consider appellant's claims.

From the opinion of the post–verdict court in response to appellant's "Statement of Matters Complained of on Appeal," see Pa.R.App.Proc. 1925(b), it would appear that appellant orally argued his present contentions and that the post–verdict court considered them. The post–verdict court's violation of Rule 1123(a) and *Blair*, however, does not alter our conclusion that appellant's present contentions are not properly preserved. This Court uniformly has held that a post–verdict court's erroneous consideration of orally presented allegations of error will not suffice to preserve the allegations for appellate review. E. g., *Commonwealth v. Gamble*, 485 Pa. 418, 402 A.2d 1032 (1979); *Commonwealth v. Hagans*, 483 Pa. 415, 397 A.2d 412 (1979); *Commonwealth v. Waters*, 477 Pa. 430, 384 A.2d 234 (1978). As this Court stated in *Waters*,

"Where boilerplate variety motions are filed it is often difficult, if not impossible, to determine with precision the issues actually argued before the court below."

477 Pa. at 435, 384 A.2d at 237. See also *Commonwealth v. Hilton*, 461 Pa. 93, 95 n.1, 334 A.2d 648, 649 n.1 (1975). Indeed, the post–verdict court's authority here to direct appellant to file a "Statement of Matters Complained of on Appeal" arose because of its "uncertain[ty] as to the basis for the appeal...." Pa.R.App.Proc. 1925(b). This record,

therefore, fails to disclose any basis for disturbing the judgment of sentence.

Judgment of sentence affirmed.