431 A.2d 216

**COMMONWEALTH of Pennsylvania**

v.

**Eugene PARKER, Appellant.**

Supreme Court of Pennsylvania.

Submitted April 29, 1981.

Decided July 2, 1981.

Mark E. Kogan, Philadelphia, for appellant.

Robert B. Lawler, Harry Spaeth, Asst. Dist. Attys., for appellee.

198

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

OPINION

LARSEN, Justice.

After a jury trial, appellant was convicted of voluntary manslaughter for the stabbing death of one Herbert Lowery. Post-verdict motions were denied, appellant was sentenced to a term of fifteen months to five years in a work-release program, and this direct appeal followed.

■ Appellant first claims that the evidence was insufficient to support the verdict. To evaluate the sufficiency of evidence, we must view the evidence in the light most favorable to the Commonwealth as verdict winner, accept as true all the evidence and reasonable inferences upon which, if believed, the jury could properly have based its verdict, and determine whether such evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt. *Commonwealth v. Coccioletti,* 493 Pa. 103, 425 A.2d 387 (1981). The record in this case discloses that on the evening of March 15, 1978, appellant and his girlfriend were having a violent argument in their apartment. (Police testified that the girlfriend's face and left eye were bruised, swollen, and red.) The decedent, a resident of the same apartment building, heard the girlfriend screaming, went to appellant's apartment and warned appellant that "If you don't stop beating this girl, I'll stop you."

Another resident of the apartment building testified that the decedent then returned to his own apartment. Appellant and another male were heard going to decedent's apartment. The resident then heard appellant say, "You cut me. You shouldn't be interfering in I and my wife's business". Appellant's warning was followed by the sound of someone falling over in the decedent's apartment. Appellant told the police that the decedent was stabbed in the chest while they were engaged in a struggle.

The police found the decedent's body in his apartment the next afternoon. The medical examiner testified that death resulted from a stab wound to the chest, that the wound was consistent with being inflicted by scissors found in appellant's apartment, and that blood on the scissors matched the decedent's blood type. The medical examiner further testified that the wound was inflicted in the immediate vicinity of where the body was found in the decedent's apartment. From this evidence, the jury could reasonably infer that appellant, during an altercation, fatally stabbed decedent with the scissors.[1] The evidence in this case is more than sufficient to support the verdict of voluntary manslaughter.

Appellant's next claim, that the trial court should have granted a new trial based on after-discovered evidence, is likewise without merit.

[A]fter discovered evidence will warrant the granting of a new trial only if the evidence (1) was unavailable at the time of trial despite counsel's due diligence to obtain it, (2) is not merely cumulative or offered only to impeach credibility, and (3) is likely to compel a different result. (citations omitted).

*Commonwealth v. Council,* 491 Pa. 434, 441, 421 A.2d 623, 626 (1980). Furthermore, unless there has been a clear abuse of discretion, the trial court's denial of appellant's motion for a new trial based on after-discovered evidence will not be disturbed. *See Commonwealth v. Tervalon,* 463 Pa. 581, 345 A.2d 671 (1975). In this case, after the jury retired to deliberate, appellant's girlfriend told appellant's counsel and police in the courtroom that she had done the

---

1. Although appellant told the police that the decedent was stabbed in the chest during a struggle, he also claimed that the decedent was stabbed *with a butcher knife* during a struggle in the hallway, after the decedent had attacked him with the knife. The jury, however, is free to believe all, part, or none of appellant's statement. *See Commonwealth v. Whitfield,* 475 Pa. 297, 380 A.2d 362 (1977); *Commonwealth v. Kull,* 267 Pa.Super. 55, 405 A.2d 1300 (1979). The medical examiner testified that the fatal wound was not caused by the butcher knife found in the decedent's apartment. Further, no blood stains were found in the hallway.

stabbing. However, the girlfriend repudiated her statement when she was taken to the police station for further questioning.

By exercising reasonable diligence, appellant could have obtained his girlfriend's statement before or during trial. *See Commonwealth v. Jones,* 266 Pa.Super. 37, 402 A.2d 1065 (1979) (appellant must explain why evidence could not have been obtained before or during trial). Moreover, the girlfriend's statement, made during a tense and emotional moment—when the jury was deliberating her boyfriend's fate—was repudiated immediately afterward in the contemplative atmosphere of the police station. The statement was not credible and would not compel a different verdict. *See Commonwealth v. Swanson,* 432 Pa. 293, 248 A.2d 12 (1968), *cert. denied,* 394 U.S. 949, 89 S.Ct. 1287, 22 L.Ed.2d 483 (1969) (evasive and unconvincing testimony pertaining to after-discovered evidence would not compel a different verdict). The court acted well within its discretion in denying appellant's motion for a new trial.

■  Finally, appellant claims that the prosecutor's closing remarks were improper. Appellant, however, is precluded from raising this issue on appeal because the issue was not included in written post-verdict motions. *See* Pa.R.Crim.P. 1123(a); *Commonwealth v. Blair,* 460 Pa. 31, 33 n.1, 331 A.2d 213, 314 n.1 (1975).[2]

Judgment of sentence affirmed.

2.  In *Commonwealth v. Graveley,* 486 Pa. 194, 404 A.2d 1296 (1979), a limited exception was granted to Rule 1123 to all defendants who filed post-verdict motions prior to September 4, 1979. The within appellant filed post-verdict motions on September 25, 1978. The limited exception provided that an issue not included in written post-verdict motions would be considered on appeal if two conditions were met: (a) appellant addressed the issue in his post-verdict motions brief, and (b) the post-verdict motions court actually considered the issue. Inasmuch as this appellant *did not address* the prosecutorial misconduct issue in his post-verdict brief, condition '(a)' has not been met. Consequently, appellant does not come within the purview of the limited exception. *See Commonwealth v. Burton,* 491 Pa. 13, 17 n.1, 417 A.2d 611, 613 n.1 (1980).