443 A.2d 838

**COMMONWEALTH of Pennsylvania**

v.

**Nicholas A. VITACOLONNA, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 21, 1981.

Filed March 26, 1982.

Jack J. Bulkin, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, CIRILLO and POPOVICH, JJ.

POPOVICH, Judge:

In a bench trial before the Hon. Alfred J. DiBona, J., the appellant, Nicholas Vitacolonna, was found guilty of tampering with a witness (18 Pa.C.S.A. § 4907) and simple assault (*Id.* at § 2701).[1] Post-verdict motions were timely filed and denied. The trial judge, on December 4, 1979, sentenced appellant to five (5) years probation for tampering with a witness and two (2) years concurrent probation for simple assault. Appellant appeals the judgment of sentence, claiming that the evidence was insufficient and that the trial judge erred in limiting his counsel's cross-examination of a Commonwealth's witness. We disagree and, accordingly, affirm the judgment entered below.

The facts, viewed in a light most favorable to the verdict-winner, consist of the following: On March 18, 1978, complainant, Colleen O'Hare, reported to the police that appellant had attempted to rape her the previous night. Appellant was arrested, charged with attempted rape and released on bail that same day. That evening, appellant phoned Miss O'Hare and offered her $2,000 and a one-way airline ticket to Florida if she would not appear in court to testify; Miss O'Hare refused the offer. (N.T. 13–14, 18) In the ensuing weeks, appellant persisted in calling the complainant to get her to drop the charge and escalated the offer from $2,000 to $10,000. Complainant's position did not change.

The first time the complainant saw the appellant after the March 18th incident was on April 5th. The encounter took place outside the courtroom of Judge Jenkins, located in the Philadelphia City Hall, where Miss O'Hare was subpoenaed to appear for a preliminary hearing on the attempted rape

---

1. Appellant was found not guilty of terroristic threats (*id.* at § 2706). It is to be noted that the charges at issue here are separate and distinct from an attempted rape charge brought by the same complainant, although the instant offenses are an outgrowth of said charge, which was lodged against the accused at a different term and number. From the record we are unable to ascertain the status of the attempted rape charge.

charge. At this time, the appellant stalked and harassed Miss O'Hare, telling her that he had the District Attorney and the judge "in his pocket" and that it would be "easier if [she would] just take the money and . . . walk right out." (N.T. 21) This matter was reported to the District Attorney and a Det. Jack Warren. (N.T. 22–23) A couple of days later, the complainant saw the appellant on Frankford Avenue in Philadelphia, as she was exiting a dress shop. The complainant tried to avoid the appellant by walking fast, but he caught up with her, "grabbed [her] arm, and pulled [her]. Then [she] went to go on to walk faster and he just yanked [her] back again." (N.T. 23–24) Appellant told Miss O'Hare that he wanted her to drop the charge and that he would give her money to do so. The complainant answered, "no way." (N.T. 25) The witness also testified that appellant "told [her] he could have had [her] knocked off . . . ." (N.T. 49) Such threat caused the witness to become "very upset." *Id.*

On the stand, appellant did not deny calling Miss O'Hare. However, he stated he did so to inquire as to why the attempted rape charge had been filed by her. Additionally, appellant's version indicated that it was the complainant who first said, "well, you give me a couple thousand and a one way ticket to Florida and I'll drop the charges." (N.T. 65) As to the occurrence on the date set for the preliminary hearing, appellant denied "threatening" the victim and admitted to no more than "pass[ing] her in the hallway." (N.T. 67) In like fashion, the accused did not dispute seeing the victim on Frankford Avenue, but he stated he just "talked to her." (N.T. 69)

No one contests the point that appellant and complainant had been friends for about six months prior to the attempted rape incident, and had dated on occasion. Appellant, however, contends that the complainant moved in after his common law wife became disenchanted with him. According to appellant, the reason behind complainant's conduct stemmed from the fact that, "She was very angry with [him] because [he] told her to leave the apartment." (N.T. 69)

In assessing the appellant's sufficiency of evidence claim, the test to be applied is whether, accepting as true all evidence and all reasonable inferences therefrom on which if believed the fact-finder could have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the accused is guilty of the crime charged. *Commonwealth v. Gallo*, 473 Pa. 186, 373 A.2d 1109 (1977); *Commonwealth v. Vogel*, 468 Pa. 438, 364 A.2d 274 (1976). Nevertheless, guilt must be proved and not conjectured; the reasonable inference of guilty must be based on facts and conditions proved, not solely on suspicion or surmise. *Commonwealth v. Holquin*, 254 Pa.Super. 295, 385 A.2d 1346 (1978); *Commonwealth v. Navarro*, 251 Pa.Super. 125, 380 A.2d 409 (1977). Instantly, we have little difficulty in deciding that sufficient evidence was adduced to find appellant guilty of tampering with a witness and simple assault. The offense of tampering with a witness is defined in pertinent part as:

"A person commits an offense if, believing that an official proceeding or investigation is pending or about to be instituted, he attempts to induce or otherwise cause a witness or informant to:

\* \* \* \* \* \*

(4) absent himself from any proceeding or investigation to which he has been legally summoned." 18 Pa.C.S.A. § 4907(a)(4).[2]

As for simple assault, a person is guilty of such offense "if he: (1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" *Id.* at § 2701(a)(1).

Accepting O'Hare's version of the phone conversations she had with appellant, he appeared to have knowledge of the impending official proceeding and its subject matter. If he did not, he certainly acquired such knowledge prior to appearing at the preliminary hearing scheduled at City Hall,

2. This offense was repealed by the Act of Dec. 4, 1980, P.L. 1097, No. 187, § 2, eff. in 60 days. The offense is now captioned "Intimidation of witnesses or victims," and appears at 18 Pa.C.S.A. § 4952 (Supp. 1981–82).

before Judge Jenkins. At that time, giving credence to the victim's version of the conversation, appellant renewed his offer of money to the witness in exchange for her not appearing at the hearing. Appellant persisted in his efforts to discourage the victim from pursuing the attempted rape charge by promising her more money, and, when that failed, he threatened her with physical harm and restrained her movement on Frankford Avenue by grabbing her arm.

The credibility of all witnesses is in the exclusive province of the fact-finder, *Commonwealth v. Barnosky*, 264 Pa.Super. 443, 400 A.2d 168 (1979), such that the weight to be accorded to each witness' testimony and whether to believe all, part or none of the evidence is for the trier of fact, and is not to be disturbed unless the "evidence offered to support a verdict of guilty is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture . . . ." *Commonwealth v. Farquharson*, 467 Pa. 50, 60, 354 A.2d 545, 550 (1976). Such is not the case here. Rather, appellant's statements and acts, along with the reasonable inferences deducible therefrom, confirm his guilt for both offenses beyond a reasonable doubt. See *Commonwealth v. Madison*, 263 Pa.Super. 206, 397 A.2d 818 (1979); see also *Commonwealth v. Mayo*, 272 Pa.Super. 115, 414 A.2d 696 (1979).

Appellant's second contention concerns a claim that the trial court erred in refusing to allow defense counsel the opportunity to cross-examine Miss O'Hare about an alleged prior inconsistent statement which he urges would have tended to show that her testimony was not credible.

Procedurally, we observe that this issue was *not raised* in the post-trial motions presented by the appellant on November 30, 1978, which were of the "boiler-plate" variety, despite a statement to the contrary in his appellate brief. Notwithstanding the fact that the motions contained a notation that appellant would submit other reasons for the requested relief upon review of the notes of testimony when transcribed, appellant made no effort to offer an amendment or supplement to the original motions. Nonetheless, the lower court did address the merits of such claim in its

Opinion filed with this Court.[3] It is the prosecution's position that "[t]his issue has been waived by [appellant's] failure to raise it either in his written post-verdict motions or in a written brief in support thereof." (Commonwealth's Brief at 5) In support of such proposition, the prosecution cites us to *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979). There, our Supreme Court mandated that "sixty days after the filing of th[e] opinion [—July 6, 1979—], only those issues included in post-verdict motions w[ould] be considered preserved for appellate review." *Id.*, 486 Pa. at 198, 404 A.2d at 1298.

■ In *Commonwealth v. Parker*, 494 Pa. 196, 431 A.2d 216 (1981) our high Court, speaking through Justice LARSEN, found that an accused's failure to raise an issue in written post-verdict motions resulted in it not being preserved for appellate review, and, thus, it was held waived. The reasoning for the Court's decision was explained as follows:

"In *Commonwealth v. Graveley* [sic], 486 Pa. 194, 404 A.2d 1296 (1979), a limited exception was granted to Rule 1123 to all defendants who filed post-verdict motions prior to September 4, 1979. The within appellant filed post-verdict motions on September 25, 1978. The limited exception provided that an issue not included in written post-verdict motions would be considered on appeal if two conditions were met: (a) appellant addressed the issue in his post-verdict motions brief, and (b) the post-verdict motions court actually considered the issue. Inasmuch as this appellant *did not address* the prosecutorial misconduct issue in his post-verdict brief, condition '(a)' has not been met. Consequently, appellant does not come within the purview of the limited exception. *See Commonwealth v. Burton*, 491 Pa. 13, 17 n. 1, 417 A.2d 611, 613 n. 1 (1980)." (Emphasis in original) *Id.*, 494 Pa. at 200 n. 2, 431 A.2d at 218 n. 2.

3. The only insight we have as to how such issue was brought to the trial court's attention is in reading the Commonwealth's brief, wherein it is noted that appellant "raised the issue orally . . . ." (Commonwealth's Brief at 5)

Instantly, appellant filed his post-trial motions prior to the ruling in *Gravely.* As such, we need to decide, as did the Court in *Parker,* whether the issue of the trial court's alleged error in curtailing appellant's counsel's cross-examination of a Commonwealth witness was: (a) addressed by the appellant in his post-verdict motions brief, and, if so, (b) did the post-verdict motions court actually consider the issue. As in *Parker,* the appellant here *"did not address* the ... issue in his post-verdict brief, [which means] condition '(a)' has not been met. Consequently, appellant does not come within the purview of the limited exception." *Id.* Thus, the issue is waived.[4] The fact that the appellant may have raised the issue in oral argument before the trial court, see supra note 3, is not sufficient to preserve it for review. *Commonwealth v. Philpot,* 491 Pa. 598, 600, 421 A.2d 1046, 1047 (1980) ("This Court uniformly has held that a post-verdict court's erroneous consideration of orally presented allegations of error will not suffice to preserve the allegations for appellate review." [Citations omitted] ); accord *Commonwealth v. Gravely,* supra, 486 Pa. at 198 n. 1, 404 A.2d at 1297 n. 1, citing *Commonwealth v. Hagans,* 483 Pa. 415, 397 A.2d 412 (1979) and *Commonwealth v. Waters,* 477 Pa. 430, 384 A.2d 234 (1978); see also *Commonwealth v. Urbina,* 290 Pa.Super. 117, 118 n. 3, 434 A.2d 157, 158 n. 3 (1981); *Commonwealth v. Knox,* 290 Pa.Super. 104, 107 n. 2, 434 A.2d 151, 152–153 n. 2 (1981).

Finding no merit to any of appellant's claims, we deny the relief requested.

Judgment of sentence affirmed.

CIRILLO, J., files a concurring opinion.

4. Even if, *arguendo,* we held that the issue were not waived, the trial court's refusal to permit the defense to continue cross-examining the prosecutrix on a matter [—the attempted rape charge—] collateral to the offenses being tried was not error. See Lower Court Opinion at 1–2; see also *Commonwealth v. Gee,* 467 Pa. 123, 138–141, 354 A.2d 875, 882–883 (1976); *McGoldrich v. Pa. Railroad Co.,* 430 Pa. 597, 600–601, 241 A.2d 90, 92–93 (1968); *Commonwealth v. Kesting,* 274 Pa.Super. 79, 417 A.2d 1262, 1270 (1979); *Commonwealth v. Donnelly,* 233 Pa.Super. 396, 417–418, 336 A.2d 632, 643 644 (1975); *In re Farms,* 216 Pa.Super. 445, 451, 268 A.2d 170, 174 (1970).

CIRILLO, Judge, concurring:

I concur with the result reached in the Opinion of Judge Popovich in this matter but I disagree as to his treatment of the appellant's second contention. The appellant's second contention concerned a claim that the trial court erred in refusing to allow defense counsel an opportunity for further cross examination. Judge Popovich, in his Opinion, dismisses the appellant's contention as having been waived because it was an oral protest instead of a written complaint on post trial motions. It is my belief that oral motions are acceptable under Pa.Rule of Criminal Procedure 1123 which provides in Subsection (b) that "if the defendant agrees on the record, the post-verdict motions may be made orally at the conclusion of the trial." Therefore, I believe that the trial court properly addressed the merits of the oral motion. However, since Judge Popovich, in his Opinion, also addressed the merits in his last footnote and found that there was no merit to the oral motion, I am in agreement that there was no merit.

I hereby concur with the Opinion of Judge Popovich.