J-S11017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WALLACE JONES | |
| Appellant | No. 1414 EDA 2016 |

Appeal from the Judgment of Sentence May 10, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0003682-2009

BEFORE:  OTT, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 21, 2018**

Appellant, Wallace Jones, who is serving a sentence of 20-40 years' imprisonment for attempted murder and other offenses, appeals from an order denying his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Appellant contends that he is entitled to relief based on newly discovered evidence of photographs that corroborate the alibi defense he presented during trial.  We affirm.

The relevant background is as follows.  During Appellant's trial, Joseph Johnson testified that on the evening of January 4, 2009, Appellant entered Johnson's home with another individual and struck Johnson's head with a gun, stating: "I'll leave you dead and stinking here."  N.T., 9/15/10, at 40-43. Appellant then shot Johnson in the face and fled.  *Id.*  Johnson staggered outside in search of assistance and collapsed near the corner of Green and

Berkley Streets. Rasheen Owens, a passerby, saw Johnson fall to the ground between 9:30 p.m. and 10 p.m. *Id.* at 25-28. Owens called the police and stayed with Johnson until assistance arrived. *Id.* at 27.

In his defense, Appellant presented three alibi witnesses, including his nephew, Carl Honeyblue, and Appellant himself testified. The thrust of Appellant's defense was that (1) on the evening of the shooting, he and other individuals attended a party at a location about 1.4 miles from Johnson's house; (2) he left the party at 10:00 p.m. to drive other partygoers home; and (3) he did not enter Johnson's house or shoot Johnson. N.T., 9/16/10, at 6-44. Appellant admitted, however, that he had hired Johnson to perform manual labor but fired him one day before the shooting after they had an argument. *Id.* at 43-48. Appellant also admitted having prior convictions for theft and criminal trespass. *Id.* at 84.

The jury found Appellant guilty of attempted murder, aggravated assault and related offenses. On December 10, 2010, the trial court imposed an aggregate sentence of 20-40 years' imprisonment. On April 20, 2011, the trial court denied Appellant's post-sentence motions by operation of law. Appellant filed a timely direct appeal in this Court at No. 1163 EDA 2011. The trial court ordered Appellant to file a concise statement of errors complained of on appeal, but Appellant's attorney failed to do so.

Appellant filed a brief at 1163 EDA 2011 arguing that he had discovered photographs that confirmed he was at the aforementioned party at the time

of the break-in and shooting. On June 12, 2012, pursuant to Pa.R.A.P. 1925(c)(3), this Court entered a judgment order finding Appellant's attorney ineffective for failing to file a concise statement. We also observed that the case was "complicated by a claim of newly discovered evidence in the form of photographs to corroborate Appellant's alibi defense. Neither this Court nor the trial court has had occasion to review that claim." *Commonwealth v. Jones*, No. 1163 EDA 2011, at 2-3 (Pa. Super., 6/12/12). Accordingly, we instructed the trial court to appoint new counsel for Appellant and directed new counsel to

> promptly review Appellant's "newly discovered evidence" claim of lately-recovered photographs and, in the interest of judicial economy, pursue that claim while the case is on remand, in a motion for a new trial, because the trial court is in the best position to decide if a new trial is necessary. If the court denies Appellant a new trial, counsel shall timely file a notice of appeal and prepare, file and serve the trial court with a proper Rule 1925(b) statement, including any issues to be raised on appeal.

*Id.* at 3.

On February 17, 2015, in lieu of a post-sentence motion relating to the photographs, Appellant filed a PCRA petition raising a claim of after-discovered evidence under 42 Pa.C.S.A. § 9543(a)(2)(vi). On September 11, 2015 and May 10, 2016, the PCRA court held evidentiary hearings relating to Appellant's petition.

During the first hearing, Appellant introduced four photographs showing him with various other individuals between 9:09 p.m. and 9:24 p.m. on the evening of the shooting, January 4, 2009. N.T., 9/11/15, at 11-16; exhibit A.

- 3 -

Honeyblue testified that he took the photographs with a digital camera. N.T., 9/11/15, at 11-16. He uploaded the photographs to his grandmother's computer but deleted them later. *Id.* at 16. After trial, in 2011, Honeyblue recovered the photographs using an unidentified recovery software. *Id.* at 17. He testified that his grandmother gave the computer to another one of his uncles (an uncle other than Appellant), and that he, Honeyblue, could have used the recovery software to obtain the photographs prior to Appellant's trial. *Id.* at 17, 25. When asked why he did not mention the photographs during his testimony at trial, Honeyblue stated: "I didn't see the relevance." *Id.* at 26.

Appellant testified that he was aware of the photographs when he was arrested but believed that Honeyblue had deleted them, and he never asked his attorney to investigate whether they were accessible. *Id.* at 36-41. Conversely, defense counsel testified that Appellant told him about the photographs prior to trial. *Id.* at 46. Counsel then met with Honeyblue, who told counsel that "he couldn't get the photographs, for some reason, off a computer, or something like that." *Id.* at 47. Neither Appellant nor counsel testified to taking any further steps.

During the second hearing, Appellant presented a certified digital forensic examiner who testified that the software used to recover the photographs was available in 2009, prior to trial. N.T. 05/10/16, at 17, 25-26.

At the conclusion of the hearing on May 10, 2016, the court denied the petition. Appellant timely appealed, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises a single issue in this appeal:

Did the trial court err when it determined that exculpatory photographic evidence—of Appellant at a party proximate to the time of the underlying shooting—could have been obtained at or prior to trial through reasonable diligence because Appellant was incarcerated prior to trial, because the photographs were taken by a third party, Carl Honeyblue, and the photographs were believed to be lost and unrecoverable having been stored on a computer belonging to Mr. Honeyblue's grandmother?

Appellant's Brief at 4.

When we examine a trial court's decision to deny a new trial on the basis of after-discovered evidence, "we ask only if the court committed an abuse of discretion or an error of law which controlled the outcome of the case." *Commonwealth v. Woeber*, 174 A.3d 1096, 1108 (Pa. Super. 2017). To obtain a new trial based on after-discovered evidence, the petitioner must prove that

the evidence could not have been obtained prior to the end of the trial by the exercise of reasonable diligence; the evidence is not merely corroborative or cumulative; it will not be used solely to impeach the credibility of a witness; and it would likely result in a different verdict if a new trial were granted. The test is conjunctive and the defendant must prove each factor by a preponderance of the evidence in order for a new trial to be warranted.

*Id.* at 1108 n.13. With regard to the element of reasonable diligence, "a defendant who fails to question or investigate an obvious, available source of information, cannot later claim evidence from that source constitutes newly

- 5 -

discovered evidence." *Id.* at 1108. Further, "a defendant has a duty to bring forth any relevant evidence in his behalf." *Id.*; *see also id.* at 1109 (trial court's denial of defendant's motion for new trial on conviction of rape and other related charges involving minor victim, based on defendant's purportedly new evidence that he underwent hip replacement surgery, was not abuse of discretion, even if defendant offered evidence of the surgery to support a physical impossibility defense to the rape charge; defendant's investigator had obtained medical records prior to initial trial and defendant could have testified about procedure, limitations to mobility and postoperative recovery himself at initial trial); *Commonwealth v. Padillas*, 997 A.2d 356, 367 (Pa. Super. 2010) (defendant failed to act with reasonable diligence in discovering his brother's allegedly exculpatory evidence about brother rather than defendant being one involved with drug sale such that evidence did not constitute newly discovered evidence warranting new trial; defendant lived in same home with brother throughout relevant period, defendant was aware his brother used cocaine, was friends with informant, and did drugs with informant, when police arrested defendant, he even said they "probably had him confused with brother," and so defendant knew or should have known, at or before trial, of brother's possible involvement in drug sale, but did not ask brother or any of his family members about brother's connection to drug sales or otherwise investigate that prospect). The defendant also fails to exercise reasonable diligence when he does not investigate or question a potential

witness with whom he has a close, amicable relationship. **See Commonwealth v. Parker**, 431 A.2d 216, 218 (Pa. 1981) (defendant did not exercise reasonable diligence where he failed to learn before or during trial of girlfriend's confession to murder for which he was on trial).

Here, Appellant testified during his evidentiary hearing that he was aware of the photographs when arrested, but he believed his nephew, Honeyblue, deleted them and he never asked counsel to investigate. Trial counsel claimed that he met with Honeyblue, who advised that he could not obtain the photographs. Neither Appellant nor trial counsel testified to taking any further steps. Honeyblue finally recovered the photographs after trial by using recovery software that was available before trial. This was too little, too late. Appellant failed to take advantage of his amicable relationship with his nephew by adequately investigating whether his nephew could recover the photographs **before** trial. Under these circumstances, the PCRA court properly determined that Appellant failed to satisfy the reasonable diligence prong of the after-discovered evidence test. **Woeber**, 174 A.3d at 1109; **Padillas**, 997 A.2d at 356.

In addition, the photographs fail two other elements of the after-discovered evidence test. They are cumulative of alibi evidence presented by multiple defense witnesses during trial that Appellant was attending a party on the evening of the shooting. **Padillas**, 997 A.2d at 356 (defendant's brother's alleged confession about brother rather than defendant being one

involved with drug sale was corroborative and cumulative such that evidence did not constitute newly discovered evidence warranting new trial; Commonwealth's case against defendant relied on testimony of informant, who had known defendant and brother for approximately 20 years and could tell brothers apart, informant consistently and positively identified defendant as seller of drugs, defendant attempted to impeach informant's testimony by showing bias, and defendant's mother, father, and brother all testified that defendant did not use or sell drugs and did not associate with informant). Neither would this evidence likely have resulted in a different verdict. The photographs at the party were time-stamped between 9:09 p.m. and 9:24 p.m. Owens found Johnson bleeding on the street between 9:30 p.m. and 10:00 p.m. about 1.4 miles away from the alleged location of the party. Even if Appellant had introduced the photographs during trial, the Commonwealth still would have been able to argue persuasively that Appellant left the party after 9:24 p.m., traveled 1.4 miles to Johnson's house and assaulted Johnson close to 10:00 p.m. For these reasons, Appellant's argument does not entitle him to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/18