475 A.2d 156

**In the Interest of J.L., a minor.**

**Appeal of J.L.**

Superior Court of Pennsylvania.

Argued Nov. 29, 1983.
Decided May 4, 1984.

176

Carmela R.M. Presogna, Assistant Public Defender, Erie, for appellant.

Dana S. Jones, Assistant District Attorney, Erie, for Com., participating party.

Before ROWLEY, WIEAND and HESTER, JJ.

WIEAND, Judge:

Joyce Lindsey, age 16, was found guilty of assault and adjudicated delinquent because she used her elbow to hit and push from her the two year old son of her brother while

the youngster was seated next to her on the living room couch of the home in which they resided. We reverse.

On April 14, 1982, Joyce Lindsey was living in the home of her older brother, Harry Lindsey, who had been appointed to act as Joyce's legal guardian. At or about 2:30 p.m. on that day, Joyce became angry because her guardian had physically restrained her from leaving home in Union City to visit her boyfriend in Erie. She retreated to her bedroom, where she petulantly engaged in loud conduct calculated to make known her displeasure. She returned in a little while to the living room with a bag of candy. As she sat on the sofa eating candy, her two year old nephew sat by her side and rested his head on her arm. At least one witness speculated that the child was begging for a piece of candy. Although the evidence of what happened next is conflicting, the hearing court could have found that the juvenile used her elbow to strike the youngster and push him away from her. The young nephew was startled but did not cry or exhibit evidence of pain. He did not fall from the couch and was not injured in any way.

A juvenile cannot properly be adjudicated delinquent unless and until it has been proven beyond a reasonable doubt that the child committed a "delinquent act." 42 Pa.C.S. § 6341(a), (b). A delinquent act has been defined to include an act constituting a crime under the Pennsylvania Crimes Code. 42 Pa.C.S. § 6302. In the instant case, appellant was accused of committing a simple assault under 18 Pa. C.S. § 2701(a)(1). This section of the Crimes Code provides that a person is guilty of assault if he or she "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." Bodily injury requires an "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301.

Appellant's nephew did not sustain bodily injury as a result of appellant's conduct. He sustained no injury of any type and did not evidence pain. This is not alone controlling, however, for it is not essential to a conviction for assault that the victim sustain actual injury. It is

enough if the actor *attempted* to inflict bodily injury. *Commonwealth v. Griffin,* 310 Pa.Super. 39, 48, 456 A.2d 171, 176 (1983), quoting *Commonwealth v. Herriott,* 265 Pa.Super. 143, 151, 401 A.2d 841, 845 (1979). See also: *Commonwealth v. Hardwick,* 299 Pa.Super. 362, 365, 445 A.2d 796, 797 (1982). To show an "attempt" to inflict bodily injury, it must be shown that the actor had a specific intent to cause bodily injury. See: *Commonwealth v. Goosby,* 251 Pa.Super. 326, 331, 380 A.2d 802, 805 (1977); 18 Pa.C.S. § 901(a); W. LaFave and A. Scott, *Handbook on Criminal Law* § 82 at 610 (1972); 2 *Wharton's Criminal Law* § 179 at 298–299 (14th ed. 1979). Although this intent may be proved by circumstantial evidence, the circumstances must be such that an intent to cause bodily injury may reasonably be inferred therefrom. See generally: *Commonwealth v. Moore,* 261 Pa.Super. 92, 395 A.2d 1328 (1978).

■ The evidence in this case was insufficient to permit a reasonable inference that appellant's act of pushing her nephew away with her elbow was intended to injure him or cause him substantial pain. Even after we view the evidence in the light most favorable to the Commonwealth, as we are required to do, *Commonwealth v. Macolino,* 503 Pa. 201, 205–06, 469 A.2d 132, 134 (1983); *Commonwealth v. Baylor,* 323 Pa.Super. 9, 12, 469 A.2d 1134, 1135 (1983), it is impossible to find therefrom an intent to inflict bodily injury upon appellant's two year old nephew.

Within the confines of the family, it is difficult to attach criminality to the pushing, shoving, slapping, elbowing, hair-pulling, perhaps even punching and kicking, that not infrequently occur between siblings or other members of the same family. Altercations between juvenile members of the same family, even when they become less than civil, are usually too trivial to be a target of the Crimes Code. In the absence of a criminal or malicious intent, such intrafamily spats will not support criminal prosecution. For similar but not precisely the same reasons, the law has recognized the right of a parent or guardian to use corporal punishment when disciplining a child. See: *Boland v.*

*Leska,* 308 Pa.Super. 169, 175, 454 A.2d 75, 78 (1982); *Commonwealth v. Moore, supra* 261 Pa.Super. at 97, 395 A.2d at 1330–1331; *Commonwealth v. Kramer,* 247 Pa.Super. 1, 7, 371 A.2d 1008, 1010 (1977). So long as there is no malicious intent to abuse or injure the child, acts of corporal punishment are justifiable and not actionable criminally. 18 Pa.C.S. § 509(1).

The Commonwealth argues that a criminal intent can be inferred from the fact that appellant's act was committed during a time of anger. That appellant acted in anger is probably true. Most intra-family altercations do involve momentary anger. Anger, however, cannot alone translate into an intent to commit bodily injury or substantial pain upon appellant's two year old nephew. Although appellant's act may have been inconsiderate, the intent necessary to sustain a conviction for assault was not proved and cannot reasonably be inferred from appellant's use of her elbow to push a young nephew forcefully from her while she was eating candy.

The adjudication of delinquency is reversed and set aside.