517 A.2d 1287

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Edward George JORGENSON, Appellant.**

Supreme Court of Pennsylvania.

Argued April 17, 1986.

Decided Nov. 20, 1986.

Vincent J. Quinn, J. Richard Gray, Lancaster, for appellant.

Henry S. Kenderdine, Dist. Atty., Cheryl Ondechek, Asst. Dist. Atty., Heidi Anne Fisher, Lancaster, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

ZAPPALA, Justice.

This appeal arises out of the Appellant's conviction of rape, indecent sexual assault, and simple assault. Prior to trial the Appellant filed a motion in limine requesting that the court exclude evidence of seminal acid phosphatase found in a pair of black panties worn by the victim the night of the alleged rape and the testimony of the emergency room physician who examined the victim and found her to be internally bruised. The purpose of the motion was to exclude this evidence because of the Appellant's perception that the Rape Shield Law, Act of May 18, 1976, P.L. 120, No. 53 § 1, 18 Pa.C.S.A. § 3104 barred the explanatory

testimony required to rebut the Commonwealth's evidence.[1] Prior to the commencement of trial, counsel for the Appellant and the Commonwealth requested a hearing on the motion, specifically for the court to consider the testimony of a witness who allegedly had sexual relations with the victim around the time of the alleged rape. Without taking any testimony, the trial court denied the motion citing *Commonwealth v. Duncan*, 279 Pa.Super. 395, 421 A.2d 257 (1980).[2] Thereafter the Appellant was convicted. Timely post-trial motions were filed asserting that the trial court erred in denying the Appellant's motion in limine, and were denied by the trial court. Superior Court affirmed (*Olszewski* and Johnson, Del Sole dissenting). We granted allocatur to review the use of the Rape Shield Law in this instance in light of *Commonwealth v. Majorana*, 503 Pa. 602, 470 A.2d 80 (1983) and now reverse.

In *Majorana*, the defendant attempted to introduce evidence of a sexual encounter between the victim and himself two hours before the victim was allegedly raped. The purpose of the evidence was not to question the victim's chastity but to explain the presence of semen in the victim's body. Both the trial court and the Superior Court refused

---

1. The Act states:
    (a) **General rule.**—Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.
    (b) **Evidentiary proceedings.**—A defendant who proposes to offer evidence of the alleged victim's past sexual conduct pursuant to subsection (a) shall file a written motion and offer of proof at the time of trial. If, at the time of trial, the court determines that the motion and offer of proof are sufficient on their faces, the court shall order an in camera hearing and shall make findings on the record as to the relevance and admissibility of the proposed evidence pursuant to the standards set forth in subsection (a).

2. In *Commonwealth v. Duncan, supra,* the Superior Court held that the Rape Shield Law required the exclusion of any evidence regarding the past sexual conduct of the victim and any third persons.

to permit the admission of this evidence based upon the Rape Shield Law. In reversing we stated:

We do not believe the legislature intended to prohibit relevant evidence which directly negates the act of intercourse with which a defendant is charged. Where, as here, a defendant offers evidence of intercourse close enough in time to the act with which he is charged that it is relevant to explain the presence of objective signs of intercourse, the protections afforded to the complainant by the Rape Shield Law do not apply. Such evidence should be admitted, subject to the usual rules of admissibility of evidence, in particular the balancing of probative value against prejudicial effect.

Such an interpretation is consistent with the goals of the Rape Shield Law in protecting the victim's reputation and does not deny the defendant's right to introduce relevant evidence in his own defense. Cases where consent is genuinely "at issue" are treated according to the exception set forth in the statute. However, in cases such as that which we have here, where denial of the act, not consent is at issue, evidence of consensual intercourse between defendant and complainant is limited to evidence of an act close enough in time to account for the objective signs of intercourse and is further limited to the purpose of explaining the presence of those objective signs. However, a defendant cannot engage in the wide-ranging and harassing cross examination the statute legitimately prohibits.

Thus, the Rape Shield Law does not preclude appellant from explaining the presence of semen and sperm in the victim's body. The act offered in explanation was not a prior "separate incident" but an alternative account of the events of that evening offered to counter the prosecution's medical testimony. For that limited purpose it was admissible. To hold otherwise would deny appellant the chance to defend by presenting a denial of the prosecution's case.

503 Pa. at 611, 470 A.2d at 84–85. Thus, we permitted the defendant's testimony to explain the reasons for the evidence of sexual interaction.

In the appeal now before us the Appellant requested that all evidence be excluded which would require rebuttal testimony of a prior sexual activity. Although the Commonwealth now argues that the offer of proof in support of the Appellant's motion is insufficient to meet the test set forth in *Majorana*, it did not do so before the trial court. Instead, the Commonwealth indicated that a hearing would be necessary to determine the credibility of the Appellant's witness who allegedly had sexual relations with the victim near the time of the incident. The sole contention of the Commonwealth was that this witness did not in fact have sexual relations with the victim. Thus, the Commonwealth was arguing that the court would have to determine the credibility of the testimony offered.

Rather than hearing and evaluating this testimony to determine the witness's credibility, the trial court held that the introduction of the Appellant's evidence was barred by the Rape Shield Law. In so doing, it is clear that the trial court was of the belief that the Appellant's evidence would not be admissible for *any* purpose. This determination was based upon *Commonwealth v. Duncan, supra.*

■ Unfortunately, neither the trial court nor the Superior Court had the benefit of our *Majorana* decision. Thus, no offer of proof would have been sufficient to overcome the trial court's reliance upon *Commonwealth v. Duncan, supra.* In light of the *Majorana* case, it is clear that the trial court was in error.

Since the record has not been developed such that this Court can review it in evaluating the application of *Commonwealth v. Majorana*, it is necessary that we remand this matter to the trial court for a hearing on the testimony which the Appellant wishes to offer in support of his motion. If the trial court determines that the offered testimony does not meet the test of *Majorana*, then a new trial would not be warranted on this ground and this Court

would have to review the remaining issues raised in this appeal. However, if the trial court determines that the witness's evidence would be credible and relevant, then a new trial would be warranted.

■ Accordingly, the Order of the Superior Court is reversed and the matter is remanded to the Court of Common Pleas of Lancaster County for further disposition consistent with this Opinion.[3]

LARSEN, J., filed a dissenting opinion.

PAPADAKOS, J., filed a dissenting opinion in which LARSEN and HUTCHINSON, JJ., joined.

LARSEN, Justice, dissenting.

I agree with Justice Papadakos that *Commonwealth v. Majorana*, 503 Pa. 602, 470 A.2d 80 (1983), is not applicable to the facts of this case and that the trial court acted well within its discretion and authority in denying appellant's motion in limine supported only by his nebulous and ephemeral offer of proof. The majority is sufficiently impressed with appellant's offer of proof that an individual was alleged to have had sexual relations with the victim *"around the time* of the alleged rape," at 603 to remand the case to the trial court to hear testimony on this issue. However, as Justice Papadakos makes clear, "around the time" in this case meant *possibly* on the same weekend although the individual *"couldn't remember* whether he had sexual relations with her that weekend or not." Dissenting op. at 608. That nebulous offer—that someone else allegedly *may have had* sexual relations with the victim that same weekend, *but maybe not*—may be enough, the majority reasons, to override the explicit and unambiguous protections for the rape victim enacted by the Rape Shield Law, 18 Pa.C.S.A. § 3104, an enactment that was long overdue and

---

3. Both the trial court and the Superior Court held that any error in the admissibility of the Appellant's testimony was harmless in light of the other testimony Appellant introduced with regard to stains on the panties. Because a defendant is not denied the opportunity to proceed with alternative defenses, such error cannot automatically be deemed harmless.

apparently soon to be forgotten. In *Majorana*, this author dissented, stating: "the majority has now taken the first step to water [the Rape Shield Law] down and allow the evil and harm of introducing evidence of a woman's past sexual conduct to creep back into the courtroom." 503 Pa. at 613, 470 A.2d at 85 (Larsen, J., dissenting). I fear that by remanding to the trial court with instructions to apply *Marjorana*, thereby possibly permitting the introduction of vague assertions of the victim's alleged past sexual conduct in this case (where the trial court found those assertions to be lacking in reliability and probative value), the watering-down of the Rape Shield Law begun in *Majorana* will become a torrent that will likely erode that law beyond recognition and render it impotent. The ease with which such a "defense" (consisting of vague assertions of the rape victim's sexual activity roughly near the time of the alleged rape) may be fabricated by a desperate defendant and his friends subjects every rape victim to "the travesty of presenting a noisome stream of defense witnesses testifying to the sexual propensities, often sordid and sometimes fanciful, of the complaining witness." *Commonwealth v. Strube*, 274 Pa.Super. 199, 208, 418 A.2d 365, 369 (1979).

I urge the Legislature to fortify the Rape Shield Law and to restore that level of protection that was clearly intended by the Legislature to rectify the past abuses of the criminal justice system and to prohibit the sort of "evidence" that the majority now holds may be introduced at appellant's retrial. In the meantime, I urge the lower court to attempt to give the fullest measure of protection to the victim that is permissible under the Rape Shield Law as currently interpreted by this Court. I regret that the majority has taken such a major step backward and has added a tragic chapter to the "sad history of our criminal justice system's treatment of complaining rape victims. ..." *Commonwealth v. Majorana, supra*, 503 Pa. at 608, 470 A.2d at 83.

PAPADAKOS, Justice, dissenting.

I cannot agree with the majority's conclusion that the trial court erred in its denial of Appellant's Motion in

Limine, or that our decision in *Commonwealth v. Majorana* would permit the introduction of Appellant's proposed explanatory testimony to rebut the Commonwealth's evidence. I agree with the holding in *Majorana* based on those facts; however, I am convinced that on the record before us it must be concluded that *Majorana* is simply not applicable to the facts of the instant case. I, therefore, respectfully dissent.

As the majority points out, in *Majorana* the appellant attempted to introduce evidence of a consensual sexual encounter between the victim and *himself* two hours before the alleged rape. The purpose of the evidence was to explain the presence of semen in the victim's body. We concluded that the Rape Shield Law did not preclude the Appellant from explaining the presence of semen and sperm in the victim's body, because "the act offered in explanation was not a prior 'separate incident' but an alternative account of the events of that evening offered to counter the prosecution's medical testimony. For that limited purpose, it was admissible". 503 Pa. at 611, 470 A.2d at 84–85.

In the instant case, the offer by Appellant was that at some unascertainable time prior to the incident in question, the victim had engaged in sexual relations with Shan Brennan and others. Defense counsel stated on the record:

> ... We have a statement from one person who stated to our investigator that he was having sexual intercourse with her or having sexual relations with her and he couldn't remember whether he had sexual relations with her that weekend or not.

I fail to see how this could possibly be relevant without definite evidence of an act close enough in time to the act with which the Appellant is charged. In *Majorana*, we substantially limited the use of evidence of this nature by requiring that it be related close enough in time to the alleged rape and mandating that the evidence be relevant to the incident in question. The proposed evidence is vague and tentative, at best, and does not even establish that another sexual act occurred. *Majorana* dictates that evi-

dence of a victim's prior sexual relations "should be admitted, subject to the usual rules of admissibility of evidence, in particular, the balancing of probative value against prejudicial effect." *Id.*, 503 Pa. at 611, 470 A.2d at 85. To permit the Appellant to introduce evidence of such a vague and unspecified nature would result in substantial prejudice to the victim and would reintroduce the very evils which the Rape Shield Law was designed to prevent.

Moreover, Appellee countered Appellant's offer of proof in support of his motion in limine by explaining that when the investigator went to the school to talk to Shan Brennan, he misunderstood the question and said yes he had sexual relations with the victim. However, when it was later explained to this fifteen year old what was meant by sexual relations, he told his parents that he never had sexual relations with the victim, and his parents had so informed defense counsel the day before the pre-trial hearing (N.T. 9).

A trial court's rulings on evidentiary questions are controlled by the discretion of the trial court and this Court will reverse only for clear abuse of that discretion or error of law. *Commonwealth v. Capitolo*, 508 Pa. 372, 498 A.2d 806 (1985); *Commonwealth v. Cargo*, 498 Pa. 5, 444 A.2d 639 (1982).

Offers of proof are received by the court—not the jury. The court weighs the offer of proof and determines its legal efficacy. *Commonwealth v. Capitolo, supra,* 508 Pa. at 380, 498 A.2d at 810. If the offer can pass muster with the trial judge, the jury may then hear and "appraise Appellant's evidence." *Id.*, 508 Pa. at 380, 498 A.2d at 810.

The majority ignores our scope of review in this instance. There was no abuse of discretion or error of law committed by the trial court. There is ample support in the record for the trial judge's determination to deny Appellant's offer of proof contained in his motion in limine and in the notes of testimony at pages 3 to 15. The offer is insufficient in that it lacks a relevant, material connection between the alleged intercourse prior to the rape and the presence of internal

bruising and seminal acid phosphatase in the victim's panties, the offer was, therefore, properly rejected. Since I do not believe that *Majorana* is applicable to the facts of this case, I would affirm the order of Superior Court.

LARSEN and HUTCHINSON, JJ., join in this dissent.