J-S37028-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DESHAWN MALLORY, | : | |
| | : | |
| Appellant. | : | No. 2189 EDA 2017 |

Appeal from the Judgment of Sentence, June 30, 2017,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0005945-2016.

BEFORE:  BOWES, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                **FILED AUGUST 21, 2019**

Deshawn Mallory appeals from the judgment of sentence imposed after

the trial court convicted him of simple assault.[1]  We affirm.

The trial court summarized the facts as follows:

> The incident in this case took place on May 15, 2016 when two (2)
> police officers were radio dispatched to [Mallory's] property.  Upon
> arrival to the property the officer testified that there was an active
> argument going on inside the residence between [Mallory] and
> [the complainant] that was escalating and may become
> dangerous.  The officers knocked on the door repeatedly and
> loudly for a period of three (3) minutes stating they were the
> police and needed to enter the premise[s].  As the argument
> escalated[, Mallory's] voice got louder and angrier[. W]hen
> [Mallory] finally answered the door[, he,] in a very aggressive
> manner . . . stated, "What?"  Due to the distress of the
> [complainant's] voice during the time of the argument, the officers
> entered the property to diffuse the situation.  The officers created
> distance between [Mallory] and the [complainant,] and she

---

[1] 18 Pa.C.S.A. § 2701(a)(1).

attempted to exit the property. As the [complainant] exited the property[, Mallory] closed the distance between himself and the complainant and struck her in the face with an open palm. [Mallory] was taken into custody for the safety of the complainant and made an attempt to run, but was blocked by one of the officers from doing so.

Trial Court Opinion, 10/9/18, at 2 (citations to the record omitted).

Mallory was arrested and charged with simple assault and other crimes.[2] The case of simple assault proceeded to a non-jury trial, and the trial court convicted Mallory of that offense. On June 30, 2017, the trial court sentenced Mallory to a period of two years of reporting probation, and required Mallory to complete an anger management class. On July 7, 2017, Mallory filed a timely notice of appeal. Both Mallory and the trial court complied with Pa.R.A.P. 1925.

Mallory raises one issue on appeal: "[Whether] the evidence [was] insufficient to support [Mallory's] conviction on the charge of simple assault where no actual bodily injury occurred, nor was any evidence of an attempt to cause bodily injury advanced?" Mallory's Brief at 4.

When analyzing whether the evidence was sufficient to support a conviction, this Court must consider "the evidence of record, and all reasonable inferences arising therefrom, viewed in the light most favorable to the Commonwealth as the verdict winner." **Commonwealth v. Rushing**, 99

---

[2] A Philadelphia municipal court judge granted a motion for judgment of acquittal on the charges of terroristic threats and recklessly endangering another person after the Commonwealth's case-in-chief. After Mallory's testimony and the arguments of counsel, the judge acquitted Mallory of resisting arrest and unlawful restraint.

A.3d 416, 420–21 (Pa. 2014). "The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." **Commonwealth v. Brown**, 52 A.3d 320, 323 (Pa. Super. 2012). Additionally, this Court cannot "re-weigh the evidence and substitute our judgment for that of the fact-finder." **Id**. "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Commonwealth v. Reynolds**, 835 A.2d 720, 726 (Pa. Super. 2003).

The Commonwealth may satisfy its burden "by means of wholly circumstantial evidence." **Id**. Because a challenge to the sufficiency of the evidence presents a pure question of law, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Jacoby**, 170 A.3d 1065, 1076 (Pa. 2017).

Under Pennsylvania law, "a person is guilty of assault if he attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S.A. § 2701(a)(1). "Bodily injury" is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301. Even when no injury occurs, the Commonwealth may also establish a violation of section 2701(a)(1) by proving that the defendant acted with specific intent in an attempt to cause bodily injury. **See Commonwealth v. Klein,** 795 A.2d 424, 428 (Pa. Super. 2002). Specific intent can be inferred from circumstances that "reasonably suggest that the defendant intended to cause

bodily injury." ***Commonwealth v. Martuscelli***, 54 A.3d 940, 948 (Pa. Super. 2012). Thus, to establish simple assault, the Commonwealth must prove beyond a reasonable doubt either that Mallory caused impairment of physical condition or substantial pain, or that he intended to cause such impairment or pain.

First, Mallory contends that the complainant suffered no bodily injury. He claims that there was no testimony that the complainant suffered any impairment of her physical condition. He also claims there was no evidence that she suffered any substantial pain. Mallory's Brief at 12. Mallory maintains that there was no evidence from which pain could have been inferred, noting that the officers did not observe the complainant cry out after being struck. ***Id***. at 12-13. As a result, Mallory argues that the Commonwealth failed to prove that any bodily injury occurred. ***Id***. at 12.

In support of this argument, Mallory relies on ***Commonwealth v. Wertelet***, 696 A.2d 206 (Pa. Super. 1997) (holding that "bodily injury" doesn't include "physical event[s] . . . commonly occurring in normal life which, although unpleasant and somewhat painful, do not seriously interrupt one's daily life"); and ***Commonwealth v. Kirkwood***, 520 A.2d 451 (Pa. Super. 1987) (determining that "bodily injury" does not include "temporary hurts resulting from trivial contacts").

Second, Mallory argues that, because "the complainant sustained no more than a slap with an open hand," no reasonable inference can be drawn that he attempted to cause bodily injury. Mallory's Brief. at 14-15. Mallory

asserts that the fact that he was angry and arguing with the complainant prior to striking her does not establish specific intent to cause bodily injury.  *Id*. at 15.

In support of this argument, Mallory relies on *In Interest of J.L.*, 475 A.2d 156 (Pa. Super. 1984) (finding no intent to cause bodily injury by a teenager who was angry for not being allowed to leave the house to visit her boyfriend, and elbowed a two-year-old relative in an attempt to push the child away).

In its 1925(a) opinion, the trial court determined that the testimony presented at trial was sufficient to establish a violation of section 2701(a)(1) because Mallory "deliberately stuck [the complainant] in the face."  Trial Court Opinion, 10/9/18, at 3.  The trial court did not specify whether it found that Mallory caused bodily injury or attempted to cause bodily injury when determining his guilt.  However, this does not impede our review since "a trial court can be affirmed on any valid basis appearing of record," *Commonwealth v. Moore*, 937 A.2d 1062, 1073 (Pa. 2007), and our review of a sufficiency challenge is *de novo*.  *Jacoby*, 170 A.3d at 1076.

Here, the evidence established that, as the complainant was exiting Mallory's apartment after an argument, Mallory closed the distance between himself and the complainant, and then struck her "one time pretty forcefully."  N.T., 1/27/17, at 14-15.  The arresting officer further testified that Mallory moved his arm in a "punching motion but with an open palm," and struck the complainant "in the face."  *Id*. at 15.

- 5 -

Although the Commonwealth presented no direct evidence that the complainant suffered impairment of physical condition or substantial pain, viewing the record in the light most favorable to the Commonwealth, we conclude that the evidence is sufficient to support a reasonable inference that Mallory, at minimum, attempted to cause bodily injury. Because Mallory moved towards the complainant prior to striking her in the face with a punching motion, it is reasonable to infer that Mallory acted deliberately with an intent to cause impairment of physical condition or substantial pain. *See Commonwealth v. Jorgenson*, 492 A.2d 2 (Pa. Super. 1985), *rev'd on other grounds*, 517 A.2d 1287 (Pa. 1986) (concluding that striking a victim twice in the face after she refused the defendant's sexual advances was sufficient to prove an attempt to cause bodily injury); *see also Commonwealth v. Bryant*, 423 A.2d 407, 412 (Pa. Super. 1980) (holding that kicking one victim and throwing another victim to the ground was sufficient to establish an attempt to cause bodily injury).[3] Accordingly, we affirm Mallory's judgment of sentence.

_____

[3] Mallory's reliance upon *J.L.* is unavailing because that case is factually distinguishable. *J.L.* involved an intra-family squabble where an angry teenager elbowed her two-year-old relative in an attempt to push the child away. There, the court determined that anger alone cannot be the basis for concluding that a defendant intended to cause bodily harm. 475 A.2d at 158. In this case, not only was Mallory angry with the complainant, but he also deliberately moved towards her to strike her in the face with a punching motion. This intentional act of domestic violence cannot be equated with a family squabble between children.

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 8/21/2019*