J-S49016-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN THE INTEREST OF: A.B., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: A.B., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 493 WDA 2020 |

Appeal from the Dispositional Order Entered March 17, 2020
In the Court of Common Pleas of Allegheny County Juvenile Division at
No(s):  CP-02-JV-0000406-2020

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                    FILED DECEMBER 07, 2020

Appellant, A.B., appeals from the March 17, 2020 Dispositional Order entered in the Allegheny County Court of Common Pleas, which adjudicated her delinquent for Aggravated Assault of a teaching staff member[1] and found her in need of treatment, rehabilitation, or supervision.   Upon review, we affirm.

The relevant factual and procedural history is as follows.   On February 28, 2020, Appellant, who was a resident at New Outlook Academy, a juvenile rehabilitative facility and school, got into a verbal and physical altercation with teachers at the school.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2705(a)(5).

On the afternoon in question, Appellant was a student in Glenn Gutierrez's class. At the end of the period, Mr. Gutierrez asked Appellant to move her desk back to its original location before leaving the classroom. Appellant became agitated and began cursing at Mr. Gutierrez and threatening to "slap his bitch ass." N.T. Hearing, 3/17/20, at 7. Mr. Gutierrez informed Appellant that she was not allowed to speak to him that way, and that her language was going to result in a behavior report. Appellant responded that she did not care, threatened Mr. Gutierrez again, and became "enraged." Id. at 8. Appellant attempted to exit the classroom prior to dismissal, and Mr. Gutierrez stood in the classroom doorway blocking the exit. Appellant proceeded to push Mr. Gutierrez out of the way. When Mr. Gutierrez attempted to block Appellant's path a second time, Appellant pushed him again, and he allowed her to pass by.

Michael Snider, who is a teacher and school supervisor, was standing in the hallway and attempted to intervene. Mr. Snider tried to stop Appellant from leaving the floor by putting up his arms. Appellant, who was screaming, used her right closed fist to hit Mr. Snider on the left side of the head. Mr. Snider used his arms to block his face. Appellant proceeded to use her right closed fist to hit Mr. Snider on the left side of the head a second time. Mr. Gutierrez observed the altercation, which, according to him, "looked intentional[.]" Id. at 11. Other staff members intervened and Appellant agreed to walk to a different floor to calm down.

On the same day, police officers arrested Appellant and the Commonwealth charged her with one count of Aggravated Assault. The Commonwealth filed a delinquency petition and, on March 17, 2020, the juvenile court held an adjudicatory hearing on the petition. The Commonwealth presented testimony from Mr. Gutierrez and Mr. Snider, who testified to the events as stated above.

Appellant testified on her own behalf and presented a different version of events. In sum, Appellant testified that, on the day in question, she was completing her work in Mr. Gutierrez's class when she heard an announcement for the "second floor kids" to be dismissed.[2] Id. at 38. Appellant stated that she heard Mr. Gutierrez tell the dismissed students to move their desks back, but he would not let those students leave the classroom because Appellant had not yet moved her desk back. Id. Appellant testified that she informed Mr. Gutierrez that he had not asked her, specifically, to move her desk back and when Mr. Gutierrez finally requested that she do so, Appellant complied. Id. at 39. Appellant stated that she gathered her classwork in both hands and walked out of the classroom without Mr. Gutierrez trying to stop her. Id. Appellant denied pushing Mr. Gutierrez. Id.

Appellant testified that when she got into the hallway, Mr. Gutierrez informed Mr. Snider that she "just walked out of the classroom." Id. at 40. Appellant testified that Mr. Snider tried to stop her, she tried to go past him,

_____

[2] Students were dismissed by floor, and Appellant was a "third floor kid."

and Mr. Snider pushed her. Id. Appellant further testified that she asked Mr. Snider to stop pushing her, he pushed her again, and she became "irritated" and started crying. Id. at 41. Appellant testified:

> So after that he pushed me again. I just started getting more mad and agitated because he kept putting his hands on me. And I wasn't hitting him, I was just trying to get away from something else that was going to become bigger. So after that he pushed me again. I'm crying. At this point I said [k]eep your fucking hands off me, stop fucking hitting me and pushing me. He pushed me again.

Id. Appellant further testified that Mr. Snider "smacked" her and left a red mark under her eye. Id. at 44. Appellant denied punching Mr. Snider. Id. Finally, Appellant stated that when she went to a different floor to calm down, she went into the bathroom, punched the wall, and banged her head. Id. at 49.

At the conclusion of the hearing, the trial court adjudicated Appellant delinquent for Aggravated Assault of a teaching staff member, and found Appellant to be in need of treatment, supervision, or rehabilitation.

Appellant timely appealed. Appellant and the trial court both complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

> Is the adjudication of delinquency related to the charge of Aggravated Assault not supported by sufficient evidence in that there was no harm or injury to any teacher or student at the school, and this was a [de minimis] infraction[,] which should have been dismissed as such?

Appellant's Br. at 6.

- 4 -

Appellant raises a challenge to the sufficiency of the evidence. When the Commonwealth charges a juvenile with an act that would constitute a crime if committed by an adult, the Commonwealth must prove the elements of that crime beyond a reasonable doubt. In Interest of P.S., 158 A.3d 643, 650 (Pa. Super. 2017). "When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth." In Interest of J.G., 145 A.3d 1179, 1188 (Pa. Super. 2016) (citations omitted). Further, "the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged." Id. (citations omitted). The Commonwealth may sustain its burden by wholly circumstantial evidence. In re V.C., 66 A.3d 341, 349 (Pa. Super. 2013). "Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." In re K.A.T., Jr., 69 A.3d 691, 696 (Pa. Super. 2013) (citation omitted). "The fact-finder is free to believe all, part, or none of the evidence presented at trial." Id. (citation omitted).

The Commonwealth satisfies its burden of proof for Aggravated Assault of a teaching staff member where it proves beyond a reasonable doubt that the defendant "attempts to cause or intentionally or knowingly causes bodily injury to a teaching staff member . . . acting in the scope of his or her

employment or because of his or her employment relationship to the school." 18 Pa.C.S. § 2702(a)(5). "Bodily injury" is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301. "Substantial pain may be inferred from the circumstances surrounding the physical force used." Commonwealth v. Duck, 171 A.3d 830, 836 (Pa. Super. 2017).

Notably, to sustain a conviction for assault it is not essential that the victim endure actual injury, rather, "[i]t is enough if the actor attempted to inflict bodily injury. In Interest of J.L., 475 A.2d 156, 157 (Pa. Super. 1984) (emphasis in original). To demonstrate an "attempt" to inflict bodily injury, the Commonwealth must show that the actor had a specific intent to cause bodily injury. Id. Although the Commonwealth may prove this intent by circumstantial evidence, "the circumstances must be such that an intent to cause bodily injury may reasonably be inferred therefrom." Id.

Appellant first argues that the Commonwealth did not meet its burden to prove Aggravated Assault because it failed to present evidence that Mr. Snider suffered impairment or serious pain. Appellant's Br. at 12. Appellant further contends that she did not intend to cause bodily injury to Mr. Snider. Id. These arguments lack merit.

As an initial matter, the trial court found Mr. Gutierrez's and Mr. Snider's testimony that Appellant used a closed fist to hit Mr. Snider on the side of the head twice to be wholly credible. Trial Ct. Op., dated 5/29/20, at 10. The trial court made findings—which are supported by the record—that Appellant had a history of fighting and aggression, was extremely agitated on the day

in question, walked out of Mr. Gutierrez's classroom without permission, and assaulted Mr. Snider when he confronted her in the hallway. Id. Moreover, the trial court credited Mr. Gutierrez's testimony that Appellant's hit "looked intentional." Id. at 4 (citing N.T. Hearing at 11).

Under the totality of the circumstances, viewing the evidence in the light most favorable to the Commonwealth, it was reasonable for the trial court to infer that Appellant intentionally attempted to cause Mr. Snider bodily injury when she punched him twice on the side of the head. Accordingly, Appellant's claim that the Commonwealth did not present sufficient evidence to prove Aggravated Assault of a teaching staff member fails.

Appellant next argues that she did not intend to cause bodily harm, and cites J.L., supra, to support her argument. Appellant's Br. at 17. Appellant avers that, like the juvenile in J.L., she was just angry and did not intend to cause bodily injury. Rather, she argues, she was trying to remove herself from the situation to calm down. Id. at 17-22. Appellant's argument fails as Appellant's case is easily distinguished from J.L.

In J.L., this Court reversed the adjudication of a sixteen-year-old for simple assault for elbowing her two-year-old nephew on the couch while refusing to give him candy. 475 A.2d at 158. This Court concluded that anger, alone, does not translate to intent to cause bodily injury and was reluctant to "attach criminality to the pushing, shoving, slapping, elbowing, hair-pulling, perhaps even punching and kicking, that not infrequently occur between siblings or other members of the same family." Id. at 157. This Court

characterized the juvenile's actions as "inconsiderate," but not rising to the level of assault. Id. at 158.

Here, unlike the juvenile in J.L., Appellant did not elbow her victim once. Rather, she punched Mr. Snider twice on the side of the head with a closed fist. Moreover, Appellant was not in an intra-family relationship with either Mr. Gutierrez or Mr. Snider, but, instead, was in a student-teacher relationship.

In similar situations, this Court has concluded that the fact that a juvenile actor "was a student and [the victim was] an educational aide . . . only serves to highlight the assaultive nature of the contact." In re M.H., 758 A.2d 1249, 1252 (Pa. Super. 2000). Further, this Court has observed that, unlike roughhousing between siblings or family members, "[v]iolence in our public schools is an ever increasing problem which presents a troubling challenge to teachers and aides who are charged with the weighty responsibility of educating our Commonwealth's children." Id. Appellant's reliance on J.L. is misplaced and her argument is unpersuasive.

Finally, Appellant argues that the adjudication of delinquency should be reversed because it was a de minimis infraction under Section 312 of the Crimes Code. Appellant's Br. at 26-27 (citing 18 Pa.C.S. § 312). Appellant asserts that the incident was trivial, inconsequential, and is a part of the normal course of business in a school setting for juveniles. Id. at 32-33. Therefore, Appellant contends that the trial court should have applied Section 312, which allows a court to dismiss a prosecution if it finds the conduct of the

defendant to be de minimis in nature. Id. at 26-27 (citing 18 Pa.C.S. § 312). We disagree.

This Court reviews a claim that the trial court erred by not dismissing an infraction as de minimis for an abuse of discretion. Commonwealth v. Lutes, 793 A.2d 949, 963 (Pa. Super. 2002). Section 312 provides, in relevant part, that a trial court shall dismiss a prosecution if it finds that the conduct of the accused was "within a customary license or tolerance," or "did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction[.]" 18 Pa.C.S. 312(a)(1)(2). "The purpose of Section 312 is to remove petty infractions from the reach of the criminal law." In re R.W., 855 A.2d 107, 109 (Pa. Super. 2004) (citation and internal quotation marks omitted). A trial court should not dismiss an offense as de minimis in nature where harm to either the victim or society occurs. Lutes, 793 A.2d at 963.

Instantly, the trial court found testimony to be credible that Appellant intentionally used a closed fist to punch her teacher, Mr. Snider, twice on the side of the head during the school day. This Court perceives no basis for classifying Appellant's conduct as merely de minimis in nature. Appellant's conduct is neither customary, trivial, petty, nor normal conduct tolerated in a school setting. As discussed above, the fact that Appellant was a student and Mr. Snider was her teacher "only serves to highlight the assaultive nature of the contact." M.H., 758 A.2d at 1252 (emphasis added). Accordingly, the

- 9 -

trial court did not abuse its discretion when it failed to conclude that Appellant's actions were de minimis in nature pursuant to Section 312 and dismiss the delinquency petition.[3]

In conclusion, our review of the record in the light most favorable to the Commonwealth indicates that the Commonwealth presented sufficient evidence for the trial court to find that Appellant's actions constituted an intentional attempt to inflict bodily harm. We, thus, affirm the Order adjudicating Appellant delinquent for Aggravated Assault of a teaching staff member.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/7/2020

_____

[3] We further note that Appellant raises this issue for the first time on appeal, in her Pa.R.A.P. 1925(b) Statement. We decline to find the issue waived "as neither the statute nor case law requires a defendant to preserve the issue of [de minimis] infractions by means of inclusion in an omnibus motion. On the contrary, the language of the statute requires the trial court to dismiss the prosecution on its own accord, upon a determination that the defendant's conduct involved [de minimis] infractions." Commonwealth v. Gemelli, 474 A.2d 294, 300 (Pa. Super. 1984).