J-S53035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD J. SCRUGGS | : | |
| | : | |
| Appellant | : | No. 3116 EDA 2019 |

Appeal from the Judgment of Sentence Entered September 30, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006566-2018

BEFORE:  SHOGAN, J., LAZARUS, J., and PELLEGRINI, J.[*]

DISSENTING MEMORANDUM BY LAZARUS, J.:          **FILED: May 10, 2021**

Although the Majority accurately discusses the law applicable to Scruggs' sufficiency challenge predicated on the trial court's improper reliance on the transcription error, **see** Majority Memorandum, at 2 n.2, my review of the trial transcript reveals that the evidence was, nevertheless, sufficient to establish Scruggs' simple assault and REAP convictions.  Therefore, I respectfully dissent.

In **In the Interest of M.H.**, 758 A.2d 1249 (Pa. Super. 2000), this Court considered the "spectrum of assaultive behavior" by analyzing three cases:  (1) **Commonwealth v. Wertelet**, 696 A.2d 206, 212-13 (Pa. Super. 1997) (finding evidence insufficient to sustain simple assault where defendant kicked officer to hamper official police activity, because no evidence adduced

_____

[*] Retired Senior Judge assigned to the Superior Court.

defendant reared back and kicked as hard as she could, and officer testimony characterized injury as similar to "bumping your shin on a coffee table"); (2) ***Commonwealth v. Kirkwood***, 520 A.2d 451, 454 (Pa. Super. 1987) (finding evidence insufficient to sustain simple assault, where defendant, while dancing fast and grabbing victim by arm, swung her violently around dance floor and caused cuts and bruising to victim's arm, because "the assault section of the Crimes Code was intended to protect and preserve one's physical well-being and was not intended to prevent temporary hurts resulting from trivial contacts which are a customary part of modern day living"); and (3) ***In Interest of J.L.***, 475 A.2d 156, 157 (Pa. Super. 1984) (evidence that 16-year-old defendant elbowed 2-year-old nephew to push him away was insufficient to sustain simple assault because, in family situations, there is no criminal intent attendant to "the pushing, shoving, slapping, elbowing, hair-pulling, perhaps even punching and kicking, that not infrequently occur between siblings or other members of the same family"). ***Interest of M.H.***, ***supra*** at 1251-53.

Following our analysis, this Court concluded that evidence that M.H. grabbed and shoved a teacher's aide, which resulted in bruises on the aide's arm, was sufficient to sustain M.H.'s adjudication of delinquency for simple assault. ***Id.*** at 1253. We distinguished M.H.'s behavior from the defendants' behaviors in ***Wertelet***, ***Kirkwood***, and ***J.L.***, because the incident was not a "temporary hurt" resulting from "trivial contact," ***see Wertelet***, ***supra*** at 214, could not be viewed in any sense as "social contact," as in ***Kirkwood***, ***see***

*M.H.*, *supra* at 1252, and did not result from family stress and rivalries. *See J.L.*, *supra*.

Here, the trial transcript reveals that Scruggs pulled the victim's pants down to her knees and groped her repeatedly as she entered the building on Market Street to attend her class. N.T. Nonjury Trial, 6/17/19, at 13. The victim testified that, after Scruggs pulled her pants "halfway down" for the first time, she "was so scared so I was just trying to get away. I didn't care about pulling up my pants." *Id.* As Scruggs continued to harass the victim by attempting to pull down her pants, she attempted to fight back by "pushing [Scruggs] off," *id.* at 11, but she was unsuccessful because Scruggs was stronger than she was, and he continued to chase after her, to harass her, and grope her breasts. *Id.* at 11-12.

As in *In the Interest of M.H.*, Scruggs' behavior, here, of repeatedly grabbing and pulling the victim, can be viewed neither as a "temporary hurt" resulting from "trivial contact," *see Wertelet*, *supra*, nor as social contact that is a "customary part of modern day living." *Id.* at 1252; *cf. Kirkwood*, *supra*. Indeed, Scruggs was unknown to the victim, yet he continued to grope her and pull at her clothes, which exposed her publicly—while he chased her from the sidewalk into a building—all while he continued to pull down the victim's pants and grope her, and refused to immediately leave her alone when others confronted him. *See Commonwealth v. Jorgenson*, 492 A.2d 2, 6 (Pa. Super. 1985) (evidence of simple assault sufficient where defendant struck victim across face twice after victim refused defendant's sexual

advances); *see also Commonwealth v. Vitacolonna*, 443 A.2d 838, 841 (Pa. Super. 1982) (evidence of simple assault sufficient where defendant threatened victim with physical harm and restrained her movement on public street by grabbing her arm after she refused his request).

Moreover, although she did not testify regarding any specific injury, we may infer the victim suffered substantial pain from the circumstances. *See Vitacolonna*, *supra* at 841. Indeed, Scruggs' actions were far worse than simply holding the victim in place, *see* Majority Memorandum, at n.8, rather the force required to grope[1] and pull at the victim, while she was **intentionally moving away from him from the sidewalk into the building**, supports a finding she suffered substantial pain. *Vitacolonna*, *supra*; *see also Commonwealth v. Smith*, 848 A.2d 973, 976-77 (Pa. Super. 2004) (affirming sufficiency of evidence for simple assault and finding that jury could infer 10-year-old victim endured substantial pain because frustrated 26-year-old defendant was larger and stronger and struck victim in chest with closed fist, which left red mark). Here, the victim testified that she tried to push Scruggs away during the attack, but that Scruggs was stronger than she was, and he continued to grope her and pull at her clothes. Even after she broke free and entered the Market Street building, Scruggs continued to chase after her, pull down her pants, and grope her. Therefore, it was

---

[1] The factfinder was permitted to infer that Scruggs intended to cause bodily injury to the victim from his assaultive gropes of her breasts, just as it could from a closed-fist strike, or from a grab of the victim's arm. *See e.g. Vitacolonna*, *supra* at 841.

reasonable for the factfinder to infer from these circumstances that Scruggs, out of frustration of the victim's rebuffing of his sexual advances, intended to cause her bodily injury, when, in overcoming her strength, groped her, and pulled her pants down her legs.[2] 18 Pa.C.S. § 2701(a)(1); **see also Vitacolonna**, **supra** at 841.

Additionally, I would find this evidence sufficient to sustain Scruggs' conviction for REAP.

A person commits REAP "if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. "Serious bodily injury" is "bodily injury which

_____

[2] The Majority concludes that Scruggs acted with the intent to achieve sexual gratification, rather than with the intent to cause bodily injury. **See** Majority Memorandum, **supra** at n.8. Nevertheless, in **Jorgenson**, **supra**, we previously found that the factfinder was permitted to infer that the defendant caused pain to the victim where his assaultive behavior towards the victim followed rebuffed sexual advances. **Id.** at 6. Moreover, we have permitted the factfinder to consider a defendant's "frustration" at the time of his act to infer criminality. **See Smith supra**, at 977; **see also Vitacolonna**, **supra** at 841. Here, the factfinder was permitted to infer Scruggs' intent to cause the victim bodily injury by groping and pulling at her clothes because the victim testified that she tried to push him away but that she could not do so because he was stronger than she was. Moreover, the victim testified that she was more concerned with getting away from Scruggs' assault than with pulling her own pants back around her waist, suggesting the urgency with which she attempted to retreat to safety. As the victim attempted to escape with her pants at her knees, Scruggs continued to grope her and pull at her clothes. Indeed, even after Scruggs disengaged when he was confronted by the victim's teacher, Scruggs did not immediately leave the building, but instead, he walked towards the exit, before turning around to return back to the victim, at which point he was warned that he was being recorded on security cameras and again told to leave. Only then, did Scruggs finally leave the victim alone. The factfinder was permitted to infer Scruggs' frustration with the victim's rebuffing of his sexual advances under these circumstances.

- 5 -

creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

Here, Scruggs pulled the victim's pants halfway down her legs and then physically groped and pulled at her body and clothing as she attempted unsuccessfully to push him away. She could have easily fallen over and injured herself in any number of ways under such circumstances, especially where she testified that she was more concerned with getting away than with pulling her pants back up. We have previously upheld a REAP conviction where the victim was placed in peril of losing his footing and sustaining an injury because of the defendant's assaultive physical contact. *See Commonwealth v. Rahman*, 75 A.3d 479, 502-03 (Pa. Super. 2013) (affirming REAP conviction where defendant's physical aggression could have caused victim to lose his footing and fall down stairs). Here, Scruggs created more than the apprehension of danger; he pulled the victim's pants halfway down and then continued to grope and pull at her—chasing her from the public sidewalk into a building protected by private security—all as she attempted to push him away and move away, herself, but she could not overcome his strength. *Commonwealth v. Headley*, 242 A.3d 940, 944 (Pa. Super. 2020); *see* Majority Memorandum, *supra* at 8. It was, therefore, reasonable to infer that Scruggs' actions during the physical struggle placed the victim in danger of serious bodily injury. *See Rahman*, *supra*; 18 Pa.C.S. § 2705. Consequently, I would also affirm Scruggs' conviction for REAP.